Argued and submitted April 16, affirmed as modified December 4, 1986

GLEASON,
*Respondent,*

*v.*

MICHLITSCH,
*Appellant.*

(637; CA A36759)

728 P2d 965

Carmella Ettinger, Newberg, argued the cause for appellant. On the brief were Karen E. Stratton and Stan Bunn, Newberg.

George W. Kelly, Eugene, waived appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Mother appeals a judgment in a filiation action that father brought regarding an eight-month old boy in mother's custody. ORS 109.125. The parties agreed to those parts of the court's judgment that declared father's paternity, his support obligation, his visitation rights and mother's continued custody. Mother challenges only the parts that direct that the child's last name be changed from hers to the father's and that allow father to claim the child as an income tax exemption in each year that his child support payments are current. Our review is *de novo*. ORS 109.135(1); ORS 19.125. We modify the judgment and affirm it as modified.

Mother's first assignment is that the court erred when it provided for changing the child's last name to Gleason. Although there is no specific statutory provision that prescribes the governing standard, we agree with the court that the correct standard is the best interests of the child.[1] The court concluded that it was in the best interests of the child that he bear his father's last name:

"Using the best interest of the child as the criterion, I quite frankly fail to see where the best interest of the child is being served by denying the father's name as the father of the child. He, as the father, has the same parental rights as though there had been a formal marriage here. Those are important rights.

"And it certainly would seem to me that if this child bore [the mother's name] when the child knows his father's name * * * and he associates with other children who use the — constantly use the father's name, that I think this would work against the best interest of the child.

"And secondly the child goes to school. He knows who his father is. The father has expressed an interest in visiting with the child. He knows the father's name * * *. He goes to school. He finds the other children in school bear the father's name. And he is going to wonder about this and wonder why his name is not that of his father's with attended psychological ill effects for the child.

"This child isn't going to be done any disservice if it

---

[1] Both the statutes governing filiation actions, ORS 109.124 to ORS 109.175, and the statutes governing name changes, *see* ORS 33.410 to ORS 33.440, suggest that that is the correct standard.

doesn't bear the same name as his half-sister. That is a very common occurrence in today's society."

◼◼ Generally, we give weight to the decision of a trial court as to the best interests of a child when it has had the opportunity to view the witnesses and hear the testimony. *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977); *see also Meier and Meier,* 286 Or 437, 595 P2d 474 (1979). Here, however, the evidentiary record does not support the court's conclusion that there would be "psychological ill effects" on the child or that it would otherwise not be in his best interests if he were to bear his mother's last name and have to associate at school or elsewhere with children who bear their father's last name.

Decisions from other jurisdictions emphasize that the identity of the custodial parent is an important factor in determining the relationship of the child's best interests to the surname which it should bear. In *Spence-Chapin Services v. Tedeno,* 101 Misc 2d 485, 489, 421 NYS2d 297, 300 (1979), the court stated:

> "[T]he significant consideration is that the mother has custody and it is she who will be the primary caretaking figure and who will make the major decisions for [the child]. Moreover, the court recognizes that children, as they grow older, generally prefer to use the name of the parent with whom they live."

*See also Petition of Schidlmeier by Koslof,* 344 Pa Super 562, 569, 496 A2d 1249 (1985), where the court upheld a statutory provision that the choice of surname rests with the custodial parent if the parents are divorced or separated at the time of birth, because "[t]he custodial parent generally has the right to make major decisions affecting the best interests of a minor child." The court's judgment is modified to delete paragraph 5 that changes the child's last name.[2]

◼ Mother's second assignment is that the court erred in awarding the income tax dependency exemption to father. She

---

[2] ORS 109.030 provides that "the rights and responsibilities of the parents, in the absence of misconduct, are equal and the mother is as fully entitled to the custody and control of the children and their earnings as the father." *See also* ORS 107.137(3).

relies on IRC § 152(e).[3] Mother argues that, because IRC § 152(e)(1)(A)(iii) refers to parents who "live apart at all times during the last six months of the applicable calendar year," it applies to parents who have never married and that, as the custodial parent, she is entitled to the exemption. IRC § 152(e), however, applies only to parents who are or have been married. *See Dillard v. Commissioner,* 47 TC Memo 919 n 3 (1984)("Since petitioner [and the mother of his child] were never married, the provisions of section 152(e), relating to a child of divorced or separated parents, do not apply."). IRC § 152(a)(1) defines a dependent as a child of the taxpayer for whom the taxpayer provides over one-half of the support during the calendar year.[4] In the circumstances here, the court should not have designated which party would receive the dependency exemption. The court predicted that father would provide over one-half of the child's support and in paragraph 6 of the judgment awarded him the dependency exemption in each year that his child support payments were current. *See* ORS 109.103; ORS 107.105(1)(c)(F).[5] Whether father would

---

[3] IRC § 152(e)(1) provides:

"(e)   Support test in case of child of divorced parents, etc.

"(1)   Custodial parent gets exemption.

"Except as otherwise provided in this subsection, if -

"(A)   a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents -

"(i)   who are divorced or legally separated under a decree of divorce or separate maintenance,

"(ii)   who are separated under a written separation agreement, or

"(iii)   who live apart at all times during the last 6 months of the calendar year, and

"(B)   such child is in the custody of one or both of his parents for more than one-half of the calendar year,

"such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent')."

[4] IRC § 152(a)(1) provides:

"[T]he term 'dependent' means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer):

"(1)   A son or daughter of the taxpayer, or a descendant of either."

[5] ORS 107.105(1)(c)(F) provides in pertinent part:

qualify to claim the federal income tax exemption, however, depends entirely on the application of federal income tax law to the actual facts.[6]. *See Davis v. Fair,* 707 SW2d 711 (Tex App 1986).[7]

---

"In determining the amount of child support, the court shall consider the economic needs of the children and determine payment by the parents in proportion to their respective ability to pay. In making this determination, the court shall consider, but not limit itself to, the following factors:

"* * * * *

"(F) The tax consequences to both parties resulting from spousal support awarded, if any, and determination of which parent will claim the child as a dependent."

The provisions of ORS 107.105 apply to a proceeding to determine custody and support of a child born out of wedlock after paternity is established. ORS 109.103.

[6] Other courts have held that state courts have the power to determine which parent is entitled to the dependency exemption when the parents have been married but have later divorced or separated. *See Westerhof v. Westerhof,* 127 Mich App 97, 357 NW2d 820 (1984), and cases cited therein. The cases, however, are based on *former* IRC § 152(e)(2)(A), enacted in 1967, which provided an exception to the general rule that the child of such parents was a dependent of the custodial parent:

"(2) Special rule. The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if—

"(A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and

"(ii) such parent not having custody provides at least $600 for the support of such child during the calendar year."

Under that section, repealed by the 1984 Tax Reform Act, a dissolution court could order that the non-custodial parent could claim the child as a dependent. *See Westerhof v. Westerhof, supra,* 357 NW 2d at 823. Present IRC § 152 contains no provision recognizing a state court award of a dependency exemption when the parents have been married but later have divorced or separated, except for decrees made before January 1, 1985. There is now no federal statutory basis for a state court to award the dependency exemption. *See Davis v. Fair,* 707 SW 2d 711 (Tex App 1986). Also, we have found no federal statutory basis for a state court to award the dependency exemption in the circumstances that this record presents.

[7] The parties make no argument concerning the Oregon dependency exemption. ORS 316.022(6), however, defines Oregon taxable income as "the taxable income defined in subsections (a) and (b), section 63, Internal Revenue Code of 1954, with such additions, subtractions and adjustments as are described by this chapter." ORS 316.680(2)(g) provides that, for tax years beginning January 1, 1985, the amount deducted under IRC § 151 for personal exemptions shall be added to federal taxable income in computing Oregon taxable income. ORS 316.085(1) allows a credit against the Oregon tax of $85 for each personal exemption claimed under IRC § 151. Entitlement to the Oregon credit depends on who is entitled to the dependency exemption under federal law.

Judgment modified by deleting paragraphs 5 and 6; affirmed as modified. Costs to mother.