Argued and submitted November 7, 1986, affirmed as modified January 28, reconsideration denied March 27, petition for review denied April 21, 1987 (303 Or 332)

In the Matter of the Marriage of

## VINSON,
*Appellant,*

*and*

## VINSON,
*Respondent.*

(15-85-00095; CA A39705)

732 P2d 79

R. Conrad Schultz, Eugene, argued the cause for appellant. With him on the briefs was Hill & Schultz, Eugene.

F. William Honsowetz, Eugene, argued the cause for respondent. With him on the brief was Lombard, Gardner, Honsowetz, Brewer & Schons, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Wife appeals from a judgment of dissolution. At issue is the amount of money husband is required to pay to wife as support for her and three of the parties' four children. The judgment provides that, initially, husband is to pay to wife a collective sum of $1,750 per month as what the trial court characterizes as "family support." Wife contends that the trial court erred in failing to designate separately the amount awarded as spousal support and the amount awarded as child support. She also contends that the support awarded is insufficient in both duration and amount and that the trial court erred in terminating husband's support obligations in the event of her remarriage and in awarding husband the right to claim all four children as dependents on his state and federal income tax returns.

The parties were married in 1963. Husband was a graduate student, and wife had completed one year of college. Husband started law school shortly thereafter, and wife left school in order to work to help finance his education. Husband, who is 46 years old and in good health, is currently a practicing attorney and earns approximately $95,000 per year. Wife, who is 43 years old and also in good health, has not worked since husband graduated from law school but anticipates being able to earn approximately $400 per month babysitting.

The judgment provides that the "primary residence" of the parties' two youngest children, who are four and eight years old, and their eldest daughter, who is 19 years old and attending college, will be with wife. It provides that the primary residence of their eldest son, who is 16 years old, will be with husband. With respect to support, it provides:

"[Husband] shall pay [wife], as and for her support and the support of the parties' children, [the two youngest and the oldest], the sum of $1,750.00 each and every month commencing with the 5th day of April, 1986. Said payment shall continue each and every month through the March payment of 1990. Commencing with the April 5, 1990 payment, [husband] shall pay to [wife], as and for her support and the support of the parties' children, [the two youngest and the oldest], the sum of $1,350.00 each and every month, until March payment 1994. Thereafter, [husband] shall pay to [wife] for the support of the parties' [two youngest] children,

* * * the sum of $850.00 each and every month, commencing with the April 5, 1995 payment until each child is 18, dies or is emancipated or 21 if attending school pursuant to statute. [Husband's] obligation for support under this paragraph shall terminate in the event of the death of either party or [wife's] remarriage.

"Husband shall be entitled to deduct for income tax purposes all sums payable to wife as family support pursuant to this decree, and wife shall pay Federal and State income taxes as required on all sums payable to her as family support pursuant to this decree. [Husband] shall be entitled to claim all of the children as dependants [*sic*] for tax purposes on his applicable State and Federal tax returns. [Wife] shall sign and [*sic*] appropriate IRS waiver form and a TIN form each year to accompany [husband's] tax return."

Although it is impossible to determine with certainty the intended allocation between spousal support and child support, we conclude that, for the purpose of review, certain inferences may be drawn. First, because the decree provides that, after March, 1994, husband's support obligation decreases to $850 per month and is allocated solely as support for the two youngest children, we infer that $425 per month per child was allocated to their support from the outset. Similarly, because the ordered reduction from $1,750 per month to $1,350 per month after March, 1990, coincides approximately in time and amount with the oldest child's projected educational needs, we infer that, through March, 1990, $400 per month was allocated to her support. We conclude that the remainder of the support award, which amounts to $500 per month payable through March, 1994, was intended as spousal support.

We first address wife's contention that the trial court erred in awarding family support rather than separate amounts for spousal support and child support. Husband contends that a combined award enables him to deduct the entire amount of support he pays from his income on his federal income tax return as "alimony paid," rather than just the amount paid as spousal support, and thereby enables him to realize a substantial tax saving. *See Lester v. Commissioner,* 366 US 299, 81 S Ct 1343, 6 L Ed 2d 306 (1961). Wife contends that the derivative effect is that she must declare the entire amount of support received as income and that that is unfair.

ORS 107.105(1)(c) empowers the court to award the custodial parent "such amount of money * * * as constitutes just and proper contribution towards the support and welfare of such children." ORS 107.105(1)(d) empowers the court to provide "[f]or the support of a party, such amount of money for such period of time as it may be just and equitable for the other party to contribute." Neither provision expressly prohibits combining the awards into one lump sum payment designated as family support. However, neither is there a provision authorizing such an award.

On this record, we need not decide whether ORS 107.105 precludes a combined award in all instances. Suffice it to say that, regardless of how the award is designated, it must be of a sufficient amount and duration to provide adequate spousal support as well as adequate child support, and it must be fashioned in a manner which accommodates appellate review with respect to the sufficiency of both.

ORS 107.105(1)(d) provides that, in determining the appropriate amount of spousal support, the court shall consider all relevant circumstances, including the tax consequences of the award, in order that each party "shall have the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible." Wife contends that spousal support of $500 per month for approximately eight years is insufficient in both amount and duration. She seeks permanent support of $1,575 per month. Husband contends that, given wife's relatively young age and good health, permanent support is inappropriate. With respect to the amount, he contends that, given the unique nature of the parties' uncontested property settlement agreement, the amount is not only just but more than he can afford.

The property settlement purportedly divides the parties' net assets into two equal shares. Wife is entitled to the possession of one of the parties' two homes, in which she intends to reside, free and clear of any mortgage debt. She is also entitled to the possession of the parties' new car and various other unencumbered assets. Husband is entitled, *inter alia,* to the possession of the parties' second home, the law practice and associated retirement funds. In order to equalize the net value of the distributive shares, husband agreed to

assume all of the parties' accumulated debt. The net effect is that wife is afforded the security of owning a home free and clear of any debt obligation and husband is the sole owner of his law practice and retirement fund.

Husband's net income is approximately $6,000 per month.[1] Because he has assumed all of the parties' accumulated debt, he projects that his monthly expenditures will total approximately $3,250, plus the expense of servicing a $35,000 debt incurred in paying off the mortgage on the house allotted to wife. Wife estimates her expenses to be $1,575 per month and requests an additional $250 per month for four years to enable her to return to school and obtain her degree. As noted above, her projected future income if she does not return to school is $400 per month.

In view of the standard of living that the parties established during the marriage, we conclude that $1,200 per month, plus an additional $200 per month for four years to enable wife to return to school, is a just and equitable amount for husband to contribute to wife's support. These figures take into account the fact that wife's living expenses will be less than they would have been if she would have been required to make monthly mortgage or rent payments. They also take into account the fact that wife has not worked for close to 20 years and that, even if she does obtain a college degree, her earning ability will be lessened for some time, because she has two small children living with her.

With respect to the appropriate duration, this is another case involving a long-term marriage where, on its dissolution, the parties have and, in all likelihood, will continue to have, significantly different earning capacities. In such cases, permanent support is usually awarded in order that the dissolution not have a disproportionate impact on the disadvantaged spouse. That is especially true where, as here, that spouse has contributed substantially to the other's earning capacity. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1970). Therefore, we conclude that permanent spousal support is appropriate.

We next consider the sufficiency of the support

---

[1] Documents prepared by husband's tax accountant indicate that husband's total income and social security taxes will be between $19,814 per year and $26,684 per year.

award allocated to child support. ORS 107.105(1)(c) provides that, in determining the amount of child support, "the court shall consider the economic needs of the children and determine payment by the parents in proportion to their respective ability to pay." *See Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). The economic "needs" of the children is "that amount which is required for the actual, necessary expenses of providing for the [children] at the standard of living which would have been enjoyed but for the dissolution." 290 Or at 684.

■    Mother seeks child support of $482 per month per child. As noted above, the judgment may be interpreted as requiring that husband pay child support of $425 per month for each of the two youngest children and $400 per month for the oldest child. We conclude that those amounts provide adequate child support. However, because our determination is based on the needs of the children, these amounts are sufficient only on the assumption that wife will not be required to pay tax on the amount received as child support, although we recognize that who will be required to pay tax on the amounts she receives is a matter of federal law. *See Gleason v. Michlitsch,* 82 Or App 688, 691, 728 P2d 965 (1986). Accordingly, we vacate the provision that wife shall pay federal and state taxes on all sums payable to her.

■    We also vacate the provision that husband's support obligation terminates if wife remarries. Barring unusual circumstances, it is inappropriate to terminate support automatically on the remarriage of either party. *Grove and Grove, supra.* Here, husband contends that such a provision is necessary to enable him to deduct the entire amount of support that he is required to pay on his federal income tax return, although he fails to explain how he squares that contention with his concession, made at oral argument, that the same provision is inappropriate as it applies to the amount allocated as child support. However, because we award mother spousal support and child support rather than family support, we need not decide whether his contention has merit.

■    We also vacate that portion of the judgment awarding husband the right to claim all four children as dependents for tax purposes on his state and federal tax returns. As noted in *Gleason v. Michlitsch, supra,* there is no federal statutory provision recognizing a state court's authority to award a

dependency exemption when the parents have been married but later have divorced or separated. The entitlement to the Oregon dependency credit depends on who is entitled to the exemption under federal law.

Judgment modified to provide that husband pay wife permanent spousal support of $1,400 per month from April 5, 1986, through March, 1990, and $1,200 per month, commencing April 5, 1990. Judgment further modified to provide that husband pay wife child support of $425 per month for each of the two youngest children and $400 per month for the oldest child, until each child is 18, dies, is emancipated or reaches 21 if attending school pursuant to statute. Provisions that husband's support obligation terminate if wife remarries, that mother pay taxes on all sums payable to her and that father be entitled to claim all four children as dependents vacated; affirmed as modified. Costs to wife.