Argued and submitted March 21, affirmed August 8, 1990

In the Matter of the Marriage of

Douglas John RICHMOND,
*Appellant,*
*and*

Janet Mary RICHMOND,
nka Janet Mary Hudson,
*Respondent.*

(89-DR-0104; CA A60921)

795 P2d 1104

William G. Carter, Medford, argued the cause and filed the brief for appellant.

Diana Wales, Roseburg, argued the cause for respondent. With her on the brief was Arneson & Wales, Roseburg.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Husband appeals from a trial court order denying part of his motion to modify the dissolution judgment and awarding wife attorney fees. He sought, *inter alia,* to decrease his child support obligation and to be allowed to declare both children as his dependents for tax purposes. He claims that the trial court erred in not modifying the judgment as he requested. We affirm.

The dissolution judgment, entered in 1985, provides for joint custody of the two minor children, one of whom was adopted. The children live primarily with wife, although they stay with husband every Tuesday and Thursday night, as well as every other weekend. The judgment requires husband to pay $225 a month in child support for each child and allows him to declare both children as dependents until wife begins earning at least $900 per month, at which time child support will decrease to $200 per child, and wife may then declare one child as her dependent. The judgment also requires husband to pay $200 interest each month on the mortgage on wife's house. However, if she sells the house, husband must pay $300 per month per child in support and may then declare both children as dependents, regardless of wife's income. The judgment also provides that the interest payment terminates when husband's child support obligation ends.

At the time of the judgment, husband's mortgage interest payments on wife's house were deductible under the federal income tax code. However, the Tax Reform Act of 1986 gradually eliminated that deduction. Consequently, in 1986, the parties informally agreed that husband could stop making the $200 interest payment and, instead, would increase his support obligation for each child to $300 per month and would be allowed to declare both children as dependents. The parties proceeded under that agreement for over two years, although they did not formally modify the judgment.

In May, 1989, husband moved to modify the judgment to reflect the parties' informal agreement, except that he asked the court to reduce child support to $175 per month per child. The trial court modified the judgment consistently with the informal agreement except that, on wife's motion, it permitted her to declare the adopted child as her dependent.

Husband assigns error to the trial court's refusal to reduce child support and to award him both exemptions. He argues that child support should be decreased because of these changes in circumstances: (1) Wife is now employed full time and consequently has had a significant increase in income and benefits; (2) she has remarried; (3) the children are spending more time with husband than they had previously; and (4) his income has decreased.

■ ORS 107.135(2)(a) provides that a substantial change in a party's economic circumstances is a prerequisite to modifying a child support obligation. The changes must be of a nature and degree beyond that contemplated in the judgment, *Meyers and Meyers,* 94 Or App 63, 65, 764 P2d 590 (1988), and those changes must occur after the time of the last *order* affecting the judgment. *Lutz and Lutz,* 58 Or App 122, 125, 647 P2d 954 (1982). Even though the parties had been operating under an informal modification, the last order in this case was the dissolution judgment.

■ On *de novo* review, we conclude that any changes in the circumstances of the parties that have occurred are not of a nature and degree beyond those contemplated at the time of the judgment. Wife's income and benefits are greater now than at that time. However, those gains were not unanticipated. The judgment itself provides for a change in husband's obligation when wife begins earning at least $900 per month. Also, in this case, wife's remarriage does not represent a change in circumstances of a nature and degree contemplated at the time of the judgment.

Husband next contends that he is spending more time than anticipated with the children, thereby reducing wife's expenses. The record does not support the conclusion that he is spending substantially more time with and money on the children than he was when the judgment was entered. He also claims that his income has decreased since 1985. We do not find that his income has changed substantially. We conclude that there has not been a substantial change in circumstances that would justify a change in child support.

■ The next question is whether husband should be allowed to declare both children as dependents for income tax purposes. The original judgment provides that husband will declare one child as a dependent and mother will declare the

other, provided that she is earning at least $900 per month. The trial court modified the judgment to specify that wife should now be permitted to declare the adopted child as her dependant. That allowed wife to provide group health insurance for the child. Under those circumstances, we agree that the trial court properly modified the judgment.

We recognize that which parent qualifies for an exemption is a question of federal income tax law. *Gleason v. Michlitsch,* 82 Or App 688, 692-93, 728 P2d 965 (1986). The trial court nonetheless may determine which party may *claim* the child as a dependent, *former* ORS 107.105(1)(c)(F), and may consider the tax impact on the parties as a result of that determination. ORS 107.105(2).[1] *Vinson and Vinson,* 83 Or App 487, 732 P2d 79, *rev den* 303 Or 332 (1987), should not be read to the contrary.

Husband's other assignment of error is that the trial court abused its discretion in awarding wife attorney fees of $3,000. The trial court did not abuse its discretion.

Affirmed. Costs to wife.

---

[1] *Former* ORS 107.105(1)(c)(F) was recodified at ORS 25.280(9), which is applicable to judgments effective after October 3, 1989. *Butcher and Butcher,* 100 Or App 476, 479, 786 P2d 1293, *rev den* 310 Or 70 (1990). The judgment in this case was entered before that date.