In the Matter of the Marriage of
Linda C. MORRIS,
*Respondent,*
*and*
Lawrence L. MORRIS,
*Appellant.*
(15-83-07873; CA A63257)
801 P2d 875

Marjorie A. Schmechel, Eugene, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals the trial court's award of child support and its refusal to decide which parent should have the income tax exemptions for the parties' minor children. We affirm.

Mother and father stipulated to a modification of their dissolution judgment. The two issues that they were unable to agree on were father's child support obligation and who was entitled to the income tax exemptions for their two children. The trial court determined, using the uniform support affidavits submitted by the parties, that father's child support obligation should be $270 per month per child and declined to decide who should get the exemption. The amount of support was to be based on the guidelines of the Support Enforcement Division of the Department of Justice.[1] Father, believing that the award was either calculated erroneously or was not consistent with the guidelines, filed a motion for reconsideration. The trial court denied the motion, stating that, "[i]n fact, the court did apply the guidelines, but found that figures different from those proposed by [father] were appropriate for inclusion in the computation."

---

[1] ORS 25.270(1) states:

"The federal Family Support Act of 1988 mandates that the state must establish a formula for child support award amounts that is applicable in any judicial or administrative proceeding for the award of child support."

The formula for that computation is in OAR 137-50-330(1):

"To determine the amount of support owed by a parent follow the procedure set forth in subsections (a) through (g) of this section.

"(a) Determine 'gross income' of each parent.

"(b) Determine 'adjusted gross income' of each parent, and if there are two parents, the combined 'adjusted gross income.'

"(c) If there are two parents, determine the percentage contribution of each parent to the combined adjusted gross income by dividing the combined adjusted gross income into each parent's adjusted gross income.

"(d) Determine the 'basic child support obligation.'

"(e) Determine the 'total child support obligation.'

"(f) Determine each parent's child support obligation by multiplying the percentage figure from subsection (c) of this section by the 'total child support obligation.'

"(g) Determine whether the shared custody rule, rule 137-50-450, or the split custody rule, rule 137-50-460, apply [sic]. If they [sic] do, then apply them [sic] and adjust each parent's child support obligation pursuant to the applicable rule."

The definitions for the guidelines are in OAR 137-50-320.

■ Father argues that the trial court erred in its application of the support guidelines. He contends that the trial court's determination of the amount of child support is inconsistent with the guidelines and that the court gave no justification for varying from the guidelines. ORS 25.270 to ORS 25.285 require that child support be determined in accordance with a formula developed by the Support Enforcement Division of the Department of Justice. In any judicial or administrative proceeding, there is a rebuttable presumption that the amount of support determined by the formula is correct. The presumption may be rebutted by a finding on the record that the application of the formula would be "unjust or inappropriate in a particular case." ORS 25.280.

The trial court did not make a finding that the application of the formula would be unjust or inappropriate. In fact, in response to father's motion for reconsideration, the court indicated that it had applied the formula. Father contends that, under the evidence before the court, the amount awarded could not have resulted from use of the formula. That might be true, if only the figures urged by father are considered. If the income figures of mother and the amounts that she included in her uniform support affidavit for child care and educational expenses are also considered, however, the trial court's calculation of the amount of support does come within the guidelines.

■ Father also argues that the trial court should have made a determination of which parent should be entitled to the income tax exemption. We have held that the trial court has authority to make a ruling on that question. *Richmond and Richmond,* 103 Or App 55, 59, 795 P2d 1104 (1990). However, although the court has authority to do it and, in most instances, it is appropriate to do so because of the substantial economic effect that it has on the parties, *see* ORS 25.280(9); ORS 107.105(2), the court is not required to do so. As we stated in *Richmond*:

> "[W]hich party qualifies for an exemption is a question of federal income tax law. *Gleason v. Michlitsch,* 82 Or App 688, 692-93, 728 P2d 965 (1986). The trial court nonetheless *may* determine which party may *claim* the child as a dependent." 103 Or App at 59. (Emphasis supplied.)

We conclude that it was permissible for the trial court not to decide the matter.

Affirmed. No costs to either party.