Argued and submitted July 15, 1992, affirmed February 3, 1993

In the Matter of the Marriage of

Larry Leroy FINCHER,
*Respondent,*
*and*

Roxanna Fae FINCHER,
*Appellant.*

(15-90-07464; CA A72273)

845 P2d 1304

Susan J. Lax, Corvallis, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

PER CURIAM

---

* Leeson, J., *vice* Buttler, J., retired.

**PER CURIAM**

Wife appeals from a dissolution judgment awarding husband the dependent tax exemption for their daughter. We review *de novo*, ORS 19.125(3), and affirm.

The dissolution judgment gave wife custody of the couple's daughter, ordered husband to pay child support in the amount of $175 per month and awarded him the income tax dependency exemption for their daughter "provided that in doing so he complies with the applicable federal and state tax statutes and regulations."

Wife makes only one assignment of error. She asserts that the trial court erred in awarding husband the dependent tax exemption, because "[t]he Oregon Court of Appeals has consistently taken the position that the state courts are without authority to allocate the federal dependency" to a noncustodial parent.

Wife is incorrect. *Stuart and Stuart*, 107 Or App 549, 813 P2d 49 (1991); *Morris and Morris*, 104 Or App 384, 801 P2d 875 (1990); *Richmond and Richmond*, 103 Or App 55, 795 P2d 1104 (1990). The trial court may award the dependency exemption to either parent.[1] *Richmond and Richmond, supra*, 103 Or App at 59; *see* ORS 25.280(9).

Affirmed.

---

[1] Mother does not challenge the amount of child support awarded. Therefore, we need not consider the effect of the court's award of the exemption to father on the amount of child support under the guidelines. *See* ORS 25.280(9); OAR 137-50-330(2) (a).