Argued and submitted April 10, 1992, judgment modified in part; remanded for reconsideration in part; otherwise affirmed February 17, 1993

In the Matter of the Marriage of

Barbara RANES,
*Appellant,*
*and*

John RANES,
*Respondent.*

(D090-0629; CA A70689)

846 P2d 1195

F. William Honsowetz, Eugene, argued the cause for appellant. With him on the brief were Jeffrey E. Potter and Lombard, Gardner, Honsowetz & Brewer, Eugene.

David Gernant, Hillsboro, argued the cause for respondent. With him on the brief were John D. Peterson and Brink, Moore, Brink & Peterson, Hillsboro.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Wife appeals from a dissolution judgment. She assigns error to the trial court's award of spousal support, child support and attorney fees, and to the trial court's order granting husband the right to claim the parties' minor children as dependents for income tax purposes. We review *de novo*. ORS 19.125.

This was a 21-year marriage. Wife had completed one semester of college when she left school to marry husband. She worked for about two years as a bank teller but quit two months before the birth of the parties' first child. By mutual agreement, she stayed at home to care for the children and, as a result, she has been out of the job market for more than 18 years. She has custody of the parties' two minor children. The oldest child was 18 at the time of the trial, had nearly completed high school and had already enlisted in the armed forces.

The parties' major asset is Dad's Market, Inc., (Dad's), a subchapter S corporation, which the parties established in 1978 and which was awarded to husband as part of the property settlement. Wife made contributions to Dad's, including physical labor to prepare the building for business, stocking, running errands, data entry and other tasks. Because she took charge of the children and the household, husband was free to devote himself to Dad's.

Dad's provided the family's income and allowed the family to purchase most of its other assets, including a home, a vacation cabin, a condominium timeshare in a Mazatlan, Mexico, a boat and water ski equipment, several vehicles and various other items. Many of these purchases were made by the corporation for the benefit of the parties in addition to their income. The trial court found that Dad's

> "provided $27,000 in salaries for [husband and wife]. In addition, it paid approximately $5,000 a year in salaries to the minor children, and provided approximately $1,000 per month for groceries and miscellaneous household expenses for the family."

On the basis of those findings and the facts outlined above, the trial court awarded wife spousal support of $1,100 per

month for four years, $600 per month for the next two years and then nothing.

ORS 107.105(1)(d)(M) provides that spousal support should be awarded in an amount and for a duration such that

"each party shall have the opportunity to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage, to the extent that is possible."

On *de novo* review, we find the trial court's award of spousal support inadequate to achieve the statutory goal, because we do not agree with its finding that Dad's supplied husband and wife with a combined income of only $27,000 a year. Husband's exhibit, Income Approximation for 1990, indicates an annual income from Dad's of $38,587. That amount includes $4,800 per year in inventory withdrawals. There is evidence in the record that the family received benefits in withdrawals and purchases by the corporation on behalf of the family of approximately $12,000 per year, not just the $4,800 listed by husband. We find that evidence persuasive and add $7,200 to the annual income figure. Husband testified that the business records indicate salaries of about $5,000 per year for the children. That money was credited to the children for tax purposes but was actually paid to husband. That sum is not included in husband's income approximation, and so we add $5,000 to the annual income figure. Finally, the business provided, and continues to provide, additional income in Oregon Liquor Control Commission (OLCC) sales commissions of about $22,000 per year and rental payments of about $12,000 per year from Dad's to husband for use of the building and parking lot, which husband owns. From these figures, we calculate husband's total income from Dad's, including OLCC profits and rental payments, and after deductions for business losses,[1] to be $62,787 per year, or $5,232 per month.

■ Wife has limited job skills and probably will not be able to earn more than minimum wage. Even with training and further education, she will not be able to earn a salary comparable to husband's. On the basis of all the facts, an award of indefinite spousal support under ORS 107.105(1)(d)

---

[1] We accept husband's uncontradicted evidence that his business expenses are approximately $22,000 per year.

is appropriate.[2] We modify the judgment to provide wife with indefinite spousal support in the amount of $1,200 per month.

■   On wife's other assignments of error, we remand for further proceedings. In its letter opinion, the trial court stated that the parties had agreed to $300 per month per child as a fair and appropriate amount of child support. The parties deny any agreement concerning child support and we find no indications in the record that any such agreement was made. The trial court awarded child support based on that erroneous conclusion and did not apply the child support guidelines. We remand for the trial court to apply the child support guidelines.

■   Wife also argues that the trial court erred by awarding husband the right to claim the minor children in her custody as dependents on his income tax returns. As we said in *Richmond and Richmond*, 103 Or App 55, 59, 795 P2d 1104 (1990):

> "We recognize that which parent qualifies for an exemption is a question of federal income tax law. *Gleason v. Michlitsch*, 82 Or App 688, 692, 728 P2d 965 (1986). The trial court nonetheless may determine which party may *claim* the child as a dependent * * * and may consider the tax impact on the parties as a result of that determination." 103 Or App at 59. (Emphasis in original.) *See also Fincher and Fincher*, 118 Or App 109, 845 P2d 1304 (1993).

---

[2] The term "indefinite" support is synonymous with the older, less-accurate, but often used term, "permanent" support. ORS 107.105(1)(d) uses the phrase "for such period of time as it may be just and equitable" to describe the period for which support may be awarded. Nowhere in ORS chapter 107 is the word "permanent" used in connection with the award of spousal support. Furthermore, there is nothing necessarily "permanent" about such support, because it is always subject to modification based on substantial changes in circumstances. As the Supreme Court observed in *Richardson and Richardson*, 307 Or 370, 375 n 3, 769 P2d 179 (1989):

> "As we have explained on several occasions, 'permanent spousal support' is something of a misnomer. Such a spousal-support award is not permanent but lasts for an indefinite period and is subject to revision by subsequent court order in case of changed circumstances. *See Bates and Bates*, 303 Or 40, 42 n 2, 733 P2d 1363 (1987); *Grove and Grove*, 280 Or 341, 348 n 5, 571 P2d 477, *mod and reh'g den* 280 Or 769, 572 P2d 1320 (1977)."

Nevertheless, we have acknowledged both "permanent" and "indefinite" as interchangeable terms describing the periods under ORS 107.105(1)(d) for which spousal support is awarded without a definite termination date.

However, the child support guidelines are based on a presumption that the custodial parent will have the income tax exemption for dependent children. OAR 137-50-330(2)(a)(I). On remand, the trial court must consider the effect of the award of the dependency exemption to husband when calculating child support under the guidelines.

■    In wife's final assignment of error, she argues that the trial court erred in awarding her only $3,360 in attorney fees, including $2,000 paid *pendente lite* from the marital estate. We review awards of attorney fees for abuse of discretion and find none here. *Richardson and Richardson, supra,* n 2.

Judgment modified to award wife indefinite spousal support of $1,200 per month; remanded for reconsideration of child support; otherwise affirmed. Costs to wife.