Argued and submitted February 17, affirmed April 14, 1993

In the Matter of the Marriage of

Pamela D. CRESS,
*Petitioner,*

*and*

Ronald Eugene CRESS,
*Respondent.*

STATE OF OREGON ex rel
Pamela D. CRESS,
*Respondent,*

*v.*

Ronald Eugene CRESS,
*Appellant.*

(D85-1864; CA A75611)

850 P2d 383

Robert C. Millikan, Judge pro tempore.

Edmund J. Spinney, Eugene, filed the brief and argued the cause for appellant.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Father appeals an order that modified a dissolution judgment to increase his child support obligation. The trial court increased father's obligation to $1,080 per month for three children under ORS 25.287. On *de novo* review, we affirm.

A 1986 dissolution judgment awarded custody of the parties' three children to mother and required father to pay $450 per month. That amount was increased to $600 per month in 1988 as a result of a modification. In this proceeding, the state sought an increase in child support on behalf of mother.

The parties' oldest child is 18 and lives in Bend at the J-Bar-J Ranch, in the legal custody of the Children's Services Division. The child attends high school full time. Because he is a ward of the juvenile court and was placed at the ranch, the state is responsible for his room and board.[1] Mother buys his clothing, provides spending money and pays for his telephone calls. The two younger children live with mother in Eugene, where she is a full-time student and has a part-time work-study job. Federal aid limits her earnings to approximately $300 a month. Father lives in North Bend with his current wife and her child. In 1991, he earned $55,480 as a mill-wright, based on a hourly wage of $18.47. His gross income from January through May, 1992, was $20,408.

Father argues that he should not be required to pay mother for support of a child not in her custody. Under the parties' dissolution judgment, father is obligated to pay child support for each child until the age of 18 or 21 if attending school as a full time student. By its express terms, the agreement contemplates that father's support obligation continues even though a child may not be in the custody of mother. We agree with the trial court that support for the oldest child is properly payable to mother under the circumstances.[2]

---

[1] The state has not yet sought reimbursement from either parent. *See* ORS 418.032; ORS 419.513(4).

[2] Father's reliance on OAR 137-50-550 in support of his argument that he is not obligated to pay support for his oldest child is misplaced. That rule provides, in part:

■     Next, father argues that mother's income was calculated improperly, because her potential income was not considered. Because mother works part time, child support is based on her potential income. OAR 137-50-360(1). Father asserts that the appropriate method for determining mother's potential income is to multiply 40 hours per week times the current minimum wage. OAR 137-50-360(2)(b). However, under OAR 137-50-360(1), mother may rebut the presumption that she is capable of being employed full time. On these facts, we find that mother has rebutted the presumption by showing that she is a full-time student raising two children and working under a work-study program that limits her earnings to $300 per month. Her pursuit of her work-study program is reasonable under the circumstances.

■     Father also argues that the trial court erred in considering his overtime earnings to calculate his adjusted gross income. The record shows that, based on an hourly wage of $18.47, father earned $20,408 from January 1 through May 10, 1992. That figure shows that father has worked an average of 52 overtime hours per month so far in 1992. There is also evidence that father worked substantial amounts of overtime in 1991 as well. Father testified that overtime in the past was abnormally high and that his overtime hours will decrease in the future. The trial court considered his testimony and set his gross monthly income at a figure lower than what he had actually earned in the first four months of 1992.[3] In the light of the evidence presented, we agree with the trial court.

■     Finally, we do not agree with father that his obligation should be reduced by the amount of transportation costs

"(1) The Support Enforcement Division may * * * initiate the necessary action to modify a child support obligation to zero when one of the conditions listed in subsections (a) and (b) of this section apply:

"(a) The child or children for whose benefit the support was ordered no longer are in the physical custody of the obligee[.]"

The regulation confers discretion on the Support Enforcement Division. It does not address the situation before us.

[3] For the first four months of 1992, father earned approximately $4,650 per month. After subtracting a stipulated amount for clothing expense, the trial court set his gross monthly income at $4,132.

he incurs to visit his children. ORS 25.280 and OAR 137-50-330(2)(a)(F) give the court authority to adjust support obligations based on special hardships of a parent. On these facts, the requested allowance of $100 monthly expense money for visiting his children is not based on a ''special'' hardship.

Affirmed.