In the Matter of the Marriage of

Joan E. HARPER,
*Respondent - Cross-Appellant,*
*and*

Norman E. HARPER,
*Appellant - Cross-Respondent.*
(D090 0245; CA A72485)

856 P2d 334

10

Kirsten E. Miller, Aloha, argued the cause for appellant - cross-respondent. With her on the briefs was Daniel E. McCabe, Aloha.

Mark A. Johnson, Portland, argued the cause for respondent - cross-appellant. With him on the brief were Jacqueline L. Koch and Gevurtz, Menashe, Larson, Kurshner & Yates, P.C., Portland.

Before De Muniz, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals from a judgment dissolving a 22-year marriage. He assigns error to, among other things, the trial court's division of property and its award of spousal and child support. Wife cross-appeals, assigning error to the trial court's denial of her costs and attorney fees. We review *de novo*, ORS 19.125(3), and affirm on both the appeal and the cross-appeal.

Husband is 47 years old. When the parties married, he was an assistant district attorney. A few years later, he opened his own law office in Newberg and has been practicing law there for more than 19 years. He testified that most of his clients have been from "the Christian community, referral from churches, church organizations." Although his annual income has been between $20,000 and $25,000 for the past six years, he does not believe that his law practice can be viable in the same community after the dissolution. He testified that he had only seven active cases and estimated his income to be less than $1,000 per month. An expert witness, who had evaluated husband's law practice, said that the business had once been doing well, but had become economically nonviable in recent months. He expressed serious doubts about husband's ability to sustain the law practice in the future. He testified that husband was qualified to work as an associate with a law firm or in a state agency, where he could earn $25,000 to $30,000 per year.[1]

Wife is 43 years old. She completed her degree in elementary education the year after the parties were married. After teaching for a couple of years, she became a housewife and mother. When the children were old enough to go to school, she worked part time for one year as a teacher in a private school. She then worked part time as a secretary for her church until 1990, when she obtained a full-time job as a receptionist in a doctor's office. Her teaching certificate has expired, and she would have to attend school for a short time to become recertified. However, she testified that a back injury has made her unable to teach elementary school again.

---

[1] Although husband complains that the witness was not an expert for the purpose of projecting husband's earning capacity, husband did not object to that testimony when it was offered and did not assign admission of the evidence as error on appeal.

She has considered returning to college for a master's degree in adult education.

The parties have two children: a daughter, age 18, and a son, age 15. Daughter was a sophomore in college at the time of trial. When she is not away at school, she lives with wife. Son lives with wife. The parties established a trust for the children's higher education. One-half was designated for each child. The value of the trust is difficult to ascertain with any certainty; no trust records are in evidence. Husband testified that the original amount of the trust corpus probably was about $45,000. An unspecified part of that, however, was based on the value of an account receivable in an apartment, which had not yet become due. Husband also testified that, at the time of trial, approximately $12,000 had been expended for daughter's educational expenses.

The trial court found that wife's monthly income from her employment is $1,445. It also found that, although husband was currently making less, he has the capacity to earn $2,500 per month. Based on those findings, it ordered husband to pay spousal support of $500 per month for 30 months, then $250 per month for five years. It calculated a presumed combined child support obligation of $424 and ordered husband to pay wife $212 per month for the support of their son, and to pay $212 per month directly to their daughter.

Husband first assigns error to the trial court's reliance on a finding of his earning capacity as a basis for the calculation of spousal support and child support awards. Husband argues that the trial court erred by relying on that finding, because there was no evidence that he was working less than full time or that he had decreased his income in bad faith. We disagree. ORS 107.105(1)(d)(D) provides that, in awarding spousal support, the court shall consider:

> "The earning capacity of each party, including educational background, training, employment skills and work experience."

Thus, the trial court was not required to find that husband was unemployed or underemployed in order to base its award of spousal support on earning capacity rather than actual

income. Similarly, in calculating a parent's income for determination of child support, the court must base the child support calculation on potential income, if a parent is unemployed or employed less than full time. OAR 137-50-360.[2] Nothing requires the court to find that the parent became underemployed in bad faith. In the light of husband's average annual income over the past six years and his occupational qualifications, we agree with the trial court's implicit finding that husband's present income is based on less than full-time employment, and we agree that his potential income is $2,500 per month.

■    Husband also argues that speculation about his potential income is "not allowed in this setting," because ORS 107.135 permits modification of spousal and child support if his financial circumstances improve. He is wrong. "We have never held that a court is precluded from forecasting a person's earning capacity" in order to determine an appropriate award of spousal support. *Furlong and Furlong*, 120 Or App 105, 108, 852 P2d 233 (1993). We hold that the court, likewise, is not precluded from forecasting a person's potential income as a basis for calculating an appropriate child support obligation.

■    Husband next assigns error to the trial court's award of child support without reference to the trust established by the parties for the children's higher education. He argues that the trial court should have considered the trust fund to be "other available resources of a parent," ORS 25.280, OAR 137-50-330(2)(a)(A), and that it should have found that the existence of the trust fund makes the presumed child support

---

[2] OAR 137-50-360 provides:

"(1) If a parent is unemployed, employed on less than a full-time basis or there is no direct evidence of any income, child support shall be calculated based on a determination of potential income. For purposes of this determination, there shall be a rebuttable presumption that a parent can be gainfully employed on a full-time basis.

"(2) Determination of potential income shall be made according to one of two methods, as appropriate;

"(a) Determine employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, or prevailing job opportunities and earnings levels in the community; or

"(b) Notwithstanding any other provision of this section, the amount of potential income attributed to a parent will not be less than full-time work (40 hours a week) at the current state minimum wage."

obligation unjust or inappropriate. OAR 130-503-30(2)(b).[3] He asks us to modify the judgment to require him to pay daughter only $200 per month, and he contends that those payments should begin only after her share of the trust fund is depleted, providing she is then still in school.[4]

The amount of child support that is presumed to be the correct amount under the guidelines may be modified if the court makes

"a written finding or a specific finding on the record * * * that the [presumed] amount is unjust or inappropriate. * * * A new support amount may be calculated by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment in the amounts used [for adjusted gross income and the basic child support obligation]." OAR 137-50-330(2)(b).

Among the factors the court may consider in determining whether an award is unjust or inappropriate are other available resources of the parent and the needs of the child. OAR 137-050-330(2)(a)(A), (G). Although the trust — at least as husband has characterized it — is not a resource of the parent, it may be considered an asset of the children. *Lawhorn and Lawhorn*, 119 Or App 225, 850 P2d 1126 (1993). Nevertheless, the child support award requires no modification. First, the evidence of the value of the trust is sketchy at best. Second, even if husband's estimates of the value of the trust are accurate, daughter's share is insufficient to meet even half of her educational costs that will have accrued by the time she is 21 years old. Third, daughter continues to live with mother when not attending school. Under the circumstances, we cannot say that the presumed child support obligation is unjust or inappropriate. The trial court's award is correct.

---

[3] Husband also argues that the trial court could have "ratified the trust as a voluntary agreement by both parents for the higher education expenses of the children." That contention is raised for the first time on appeal and has not been preserved.

[4] He also contends that wife should also be required to make payments to daughter. That issue, even if it is construed as an assignment of error, was not raised or litigated below.

Husband's remaining assignments of error merit no discussion.

■  In her cross-appeal, wife assigns error to the trial court's "failure to consider evidence" of her attorney fees and costs. We review for an abuse of discretion. *Redler and Redler*, 112 Or App 203, 208, 827 P2d 1363 (1992).

Wife argues that husband should pay her attorney fees, because he is an attorney, he contested the dissolution, he was uncooperative and forced wife to seek court orders throughout the litigation, and he repeatedly discussed the case with non-parties. She also argues that husband's requests for a deposition and written closing arguments were intended to delay the proceeding and increase the expense of the litigation. The judgment provides that each party shall pay his or her own attorney fees.

The evidence shows that, immediately before husband was served notice of the action, wife withdrew $8,000 in cash from the parties' joint personal and business accounts, without husband's knowledge. She used $5,000 to pay attorney fees and used the balance for personal expenses. In addition, husband paid wife $6,800 for living expenses pending the dissolution. Husband was forced to obtain a commercial credit loan of $6,000 to meet his expenses. The trial court explained in its letter opinion that it based its decision on that evidence. The court did not abuse its discretion.

Affirmed on appeal and cross-appeal. No costs to either party.