Argued and submitted May 18, 1994, remanded in part on appeal; otherwise affirmed on appeal and cross-appeal February 15, 1995

In the Matter of the Marriage of

Craig J. SIGLER,
*Appellant - Cross-Respondent,*
*and*

Terecia K. SIGLER,
*Respondent - Cross-Appellant.*

(92-3322; CA A80812)

889 P2d 1323

William E. Loose argued the cause for appellant - cross-respondent. With him on the briefs were Gary M. Bullock and Bullock & Regier, P.C.

Robert P. Van Natta argued the cause for respondent - cross-appellant. With him on the brief was Van Natta & Petersen.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals from a judgment of dissolution, assigning error to the trial court's award of spousal support and to its failure to grant joint custody of the parties' children. Wife cross-appeals, challenging the trial court's award of child support. We review *de novo*, ORS 19.125(3), and modify the judgment.

Husband is 41 years old, and wife is 39. The parties were married for 16 years. They have three minor children, 13, 11 and 9.

Husband has been employed at Boise Cascade for 17 years and currently works as a backtender. His income for the last four years of marriage was approximately $4,333 per month. Approximately $700 of that amount was earned through overtime. Husband testified that his employer is considering discontinuing overtime, and is negotiating the issue with the labor representative. He said that he expected that his overtime ultimately will be cut back. Husband also testified that he has some health problems, including hypertension, ulcers, colitis and migraine headaches.

Wife has a high school education. She also attended community college. She testified that she intends to obtain a masters' degree in library science and begin a career in information services. She expects that to take approximately four or five years. Before the marriage, she worked for the local telephone company as an installation and repair technician. With the birth of the parties' children, however, wife stopped working outside the home. In 1992 wife worked part time, but at the time of trial, she was an unemployed full-time student.

The parties disputed custody of the children. Husband asked for joint custody. Wife refused, and asked the trial court to award her custody.

The trial court awarded wife custody of the children. It also awarded husband the right to claim the children as dependents for tax purposes. It then held that husband's overtime should be excluded from his income for the purpose of calculating his child support and spousal support obligations, and determined his child support and spousal support

obligations on the basis of his monthly gross income of $3,609. According to the trial court, "[p]arents are obligated to work 40 hours per week and support their families—they are not obligated to be slaves." The court further concluded that husband "has health problems and he, therefore, should not be required to put in extra hours." The trial court then awarded wife spousal support of $1,000 per month for five years and child support of $708.48 per month. In calculating the child support award, the trial court expressly considered the possibility of departing from the amount dictated by the child support guidelines, but it concluded that the allocation of the tax deductions, by itself, was insufficient to rebut the presumption that the amount of support required by the guidelines was just and reasonable.

Husband first assigns error to the trial court's award of spousal support. He argues that his income is not sufficient to cover all the payments that the trial court ordered him to make. Husband says that, as the trial court found, his gross income is $3,609 per month. From that he must pay $1,000 in spousal support, $708.48 for child support and $2,909.72 for other obligations incurred during the marriage. That, argues husband, leaves him with a $1,009.20 deficit. In her cross-appeal, wife responds that overtime should have been included in determining husband's income. When that is done, argues wife, the award is appropriate. Although we agree that overtime should have been included in husband's annual income, we find the award of spousal support excessive.

The court may forecast a person's potential income as a basis for calculating an appropriate spousal and child support obligation. *Harper and Harper*, 122 Or App 9, 13, 856 P2d 334, *rev den* 318 Or 246 (1993), *cert den* ___ US ___, 114 S Ct 2103 (1994). Overtime is appropriately considered in making that calculation when it is earned on a regular basis. *See Cress and Cress*, 119 Or App 197, 200, 850 P2d 383 (1993); *Jenkins and Jenkins*, 98 Or App 699, 701, 780 P2d 786 (1989); *McRae and McRae*, 98 Or App 66, 68, 778 P2d 499 (1989). That determination, however, must be based on present facts. *Newton and Newton*, 122 Or App 52, 55, 857 P2d 171, *rev den* 318 Or 25 (1993). In this case, the trial court excluded husband's overtime from his annual income

because husband suffers from health problems. On *de novo* review, however, we find that there is insufficient evidence in the record that husband will not work overtime on a regular basis in the future.

Despite husband's assertions to the contrary, we find nothing in the record that shows that husband's health left him unable to work. In fact, the evidence was to the contrary. At the time of trial, husband still worked overtime. He simply testified that he would rather not continue to do so in the future.

Husband argues that, if not because of his health, he is still entitled to have his overtime excluded because of his employer's plans to discontinue it. The record, however, indicates only that husband's employer was considering cutting back on overtime and was in negotiations concerning the issue at the time of trial.

■ Even with overtime included, however, husband's income is not sufficient to cover all of his expenses. Husband's monthly income, with overtime, is $4,333.55. From that he must pay $1,000 in spousal support, $708.48 for child support and $2,909.72 for additional obligations, only approximately $120 of which appear to be discretionary. That leaves husband with $165 more expenses than income. The trial court's award of spousal support is excessive. *See Christensen and Christensen,* 123 Or App 412, 416, 859 P2d 1192 (1993).

We conclude that the judgment should be modified to award wife $850 per month. Considering her prior work experience and her recently demonstrated ability to work at least part time, wife should be able to earn the difference between what the trial court ordered husband to pay and what we have decided is an appropriate award.

■ Husband next assigns error to the trial court's failure to grant joint custody. ORS 107.169(3) provides:

"The court shall not order joint custody, unless both parents agree to the terms and conditions of the order."

Husband argues, however, that this case warrants an exception to that statute, because both parties are good parents, wife is not opposed to husband's input, wife's opposition to joint custody is based solely on her "animosity" towards

husband, the present custody situation is unsatisfactory and the parties' schedules are conducive to a joint custody arrangement. Wife argues that, because she objected to joint custody, the trial court could not order joint custody. We agree with wife. The language of the statute could not be more plain. The court *"shall not"* order joint custody *"unless"* both parents agree to it. (Emphasis supplied.) In this case, wife did not agree to joint custody. That ends the matter.

In the alternative, husband argues that the trial court erred in failing even to encourage joint custody, as he asserts ORS 107.105(1)(a) requires. Once again, that is not what the statute says. ORS 107.105(1)(a) provides, in part, that, when the court grants a dissolution judgment:

"The court may recognize the value of close contact with both parents and encourage, where practicable, joint parental custody and joint responsibility for the welfare of the children."

That provision states only that a court *may* encourage joint custody. It does not state that the court *must* encourage joint custody. Under the circumstances, we see no reason to disturb the trial court's award of custody.

In her cross-appeal, wife assigns error to the trial court's calculation of child support. Our decision on the issue of spousal support necessitates a remand for recalculation of child support. However, because the issue will, no doubt, arise on remand, we address wife's assignment of error.

■ Wife argues that, because the trial court awarded husband the right to claim the children as tax exemptions, it was required to adjust the child support award to take into account the tax consequences of the exemptions. Wife relies on OAR 137-50-330(2)(a)(I) and on *Ranes and Ranes*, 118 Or App 264, 846 P2d 1195 (1993). Neither supports her argument.

OAR 137-50-330(2)(a) provides only that the amount of support determined by the guidelines formula is presumed to be the correct amount, and that

"[t]his presumption *may* be rebutted by a finding that the amount is unjust or inappropriate based on the criteria set forth in paragraphs (A) through (J)." (Emphasis supplied.)

OAR 137-50-330(2)(a)(I) is one of those criteria. It provides that one of the criteria on which the trial court *may* determine that the amount otherwise required by the guidelines is unjust or inappropriate is

"[t]he tax consequences, if any, to both parents resulting from spousal support and determination of which parent will name the child as a dependent." OAR 137-50-330(2)(a)(I).

Nothing in that rule *requires* the trial court to rebut the presumption that the award dictated by the guidelines is unjust or inappropriate. That is a decision left to the discretion of the court.

*Ranes and Ranes, supra,* is not to the contrary. In that case, we remanded on other grounds and, in *dictum,* said that the court should consider the effect of awarding the deduction to the noncustodial parent when making the award of child support. 118 Or App at 269. In this case, the trial court did precisely that. It expressly considered the tax effects of its decision to allow husband to claim deductions for the children and concluded that they are too inconsequential to justify a departure from the amount of child support that is presumed correct. On the record before us, we cannot take issue with the trial court's decision.

On appeal, remanded for entry of modified judgment awarding wife spousal support of $850 per month, effective on issuance of this opinion, and for recalculation of child support; otherwise affirmed on appeal and on cross-appeal. Costs, not including attorney fees, to husband.