Submitted on record and brief February 11, remanded in part; otherwise affirmed
April 30, 1997

In the Matter of the Marriage of

Paul J. STARKE,
*Respondent,*

*and*

Victoria L. STARKE,
*Appellant.*

(96DM0008; CA A93946)

939 P2d 46

Victoria L. Starke filed the brief *pro se.*

No appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Mother appeals from a judgment of dissolution of marriage. ORS 107.105. On *de novo* review, ORS 19.125(3), we remand for recalculation of child support and otherwise affirm.

Mother was awarded custody of their minor child under the judgment. The judgment awarded visitation to father consisting of alternating holidays and six weeks during the summer. It also ordered father to pay $206 per month child support and awarded him the right to claim the parties' minor child as a dependent for tax purposes.

■    On appeal, mother argues that the amount of child support is incorrect in two respects. First, she contends that father's pay stub showed that he earned $12,440 through June 6, 1996, and that the trial court miscalculated his average monthly income. We agree with mother's arithmetic. Second, mother argues that she should be entitled to a credit in the calculation of the support obligation. OAR 137-50-400 provides that when a parent is legally responsible for a child not of the parties and that child resides at the parent's house, a credit for that responsibility is to be included in the child support calculation. Mother has another minor child residing with her and, thus, is entitled to the credit.

Mother also assigns error to the trial court's determination that father has the right to claim the parties' minor child as a dependent for tax purposes. Father testified that mother had been unemployed during the last nine years, with the exception of approximately two months. Mother testified that she had been employed during the seven months before the hearing. However, she did not explain where she worked or how much she made during her employment. Mother also testified that, because she was in the process of moving, she was currently unemployed.

■■    Federal tax law governs which parent qualifies for claiming a child as a dependent. However, the court may adjudicate who can make the claim. *Ranes and Ranes*, 118 Or App 264, 268, 846 P2d 1195 (1993). Although mother testified that she had been employed for the previous seven

months, she also said that she was unemployed at the time of trial. Because father testified that he is employed full time, we agree with the trial court's ruling. Furthermore, the trial court must also consider on remand the tax consequences of its decision.[1] *Id.* at 269.

We have considered mother's other assignment of error and have concluded that it does not warrant discussion.

Remanded for recalculation of father's child support obligation; otherwise affirmed. Costs to mother, not including attorney's fees.

---

[1] But see *Sigler and Sigler*, 133 Or App 68, 73, 889 P2d 1323 (1995), in which we held that when the trial court determines that the noncustodial parent is entitled to claim the child as a dependent for tax purposes, the trial court is not required to rule that the presumptive amount of child support dictated by the guidelines is unjust or inappropriate.