Submitted on record and briefs December 12, 1991, reversed and remanded with instructions March 25, 1992

In the Matter of the Marriage of

Trina L. CHRISTOPHERSON,
*Appellant,*

*and*

Steven D. CHRISTOPHERSON,
*Respondent.*

(87-3109; CA A70061)

827 P2d 950

Wesley S. Johnson, Longview, Washington, submitted the brief for appellant.

David Brian Williamson, St. Helens, submitted the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals a trial court order modifying a dissolution judgment to increase father's child support obligation. She argues that the trial court incorrectly applied the Child Support Guidelines (guidelines), ORS 25.270 to ORS 25.285, to determine that father's modified obligation was $530 per month. She objects to the court's finding that the presumptively correct amount of $659 per month had been rebutted and to the method that the court used to make a downward adjustment from the guideline amount. We reverse.

The parties' marriage was dissolved on June 15, 1987. The dissolution judgment awarded custody of the parties' children to mother and ordered father to pay a total of $250 per month as support. It also ordered him to pay certain marital debts. The record indicates that, at that time, his net monthly income was about $1,121 per month.

In February, 1991, mother moved to increase child support, arguing that there had been a substantial change in circumstances because of an increase both in father's income and the children's expenses. At the time of hearing, father's gross monthly income was $2,596 per month, and his net income had increased to $1,842 per month. The trial court found that, under the guidelines, his presumptive child support obligation is $659 per month. However, it found that that amount had been rebutted and concluded that $530 per month was the appropriate obligation.

The parties do not dispute that there has been a substantial change in circumstances justifying an increase in child support. They also do not dispute that, considering father's present gross income of $2,596 per month, $659 is the presumptively correct support amount. The only question is whether the trial court erred in finding that that amount was rebutted and in making a downward adjustment to $530 per month.

■ ■ Trial courts have broad discretion in support matters. *See* OAR 137-50-330(2).[1] However, before a court may

---

[1] OAR 137-50-330(2) provides, in part:

"(a) The amount of child support to be paid as determined in section (1) subsections (a) through (g) is presumed to be the correct amount. This presump-

exercise that discretion and make a downward adjustment in the presumptive support amount, it must make a finding that the presumptive amount is unjust or inappropriate under the circumstances. *See* ORS 25.280. That determination must be based on evidence in the record. Although the court found that the presumptive amount is unjust or inappropriate, our *de novo* review of the record reveals that there is no evidence to support that finding.[2] Father's income has increased sufficiently to pay his debts and expenses *and* to accommodate the entire increase in support to $659 per month. Accordingly, the court erred in finding that the presumptive support amount had been rebutted and in making a downward adjustment to $530 per month.

Reversed and remanded with instructions to increase father's child support obligation to $659 per month. Costs to mother.

---

tion *may be rebutted* by a finding that the amount is unjust or inappropriate based on the criteria set forth in paragraphs (A) through (J) of this subsection.

"* * * * *

"(b) A new support amount *may be calculated* by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment in the amounts used in subsections (1)(b) and (1)(d) of this rule." (Emphasis supplied.)

The commentary to the rule explains:

"[T]he use of the method for determining an alternative amount when the presumptively correct amount has been rebutted *is discretionary*. Decision makers are free to find other solutions to the problem of resetting the support amount after a finding that the formula amount is unjust or inappropriate." *Commentary to Oregon Child Support Guidelines* 1 (1991). (Emphasis in original.)

Because the modification judgment was entered on April 23, 1991, it is governed by OAR 137-50-320 to OAR 137-50-490, as amended, effective January 1, 1991.

[2] It is difficult to discern how the learned trial judge made the error in his treatment of father's income and expenses. Apparently, because father is paying a preexisting support obligation for a child of a previous marriage, the court reduced his gross income by the amount of that child's *pro rata* share of what father's total child support obligation would be under the guidelines. *See* OAR 137-50-380. The court then determined father's presumptive support amount on the basis of his adjusted gross income. However, in making a downward adjustment of the presumptive amount, the court again included that preexisting support obligation in father's debts, thereby reducing the amount available to him, after expenses, to pay the increased child support obligation in this case. The trial court was authorized, under the guidelines, to credit father once for that obligation. It erred in crediting him *twice* for the same expense.