Argued and submitted November 20, 1992, remanded with instructions; otherwise affirmed June 16, 1993

Kerri BELL,
*Appellant,*
*and*

John JOHNSON,
*Respondent.*

(91F10129; CA A74073)

854 P2d 479

Doyle L. Schiffman, Roseburg, argued the cause and filed the brief for appellant.

Sharon L. Hockett, Roseburg, argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge, and Deits and Durham Judges.

DEITS, J.

**DEITS, J.**

Mother brought a filiation proceeding to establish paternity of her daughter and her entitlement to child support. ORS 109.070(4); ORS 109.124 to ORS 109.230; ORS 109.103. Father admitted paternity, and the trial court granted partial summary judgment on that issue. Father requested a visitation schedule and an order requiring that mother share equally in the transportation costs for the child to visit him. Mother and the child, who was nine years old at the time of trial, live in Oregon, and father lives in Alaska. The trial court granted visitation to father consisting of every spring vacation, every even-year Christmas vacation and two months each summer. It determined father's child support obligation to be $301 per month, based on the Child Support Guidelines. ORS 25.270 − ORS 25.285. It then reduced the monthly obligation to $226 per month to account for a $75 per month credit for transportation costs. Mother appeals the portions of the trial court's order setting child support and visitation. We review *de novo*. ORS 109.135.

■ ■ Mother first argues that the support award was improper, because the downward adjustment in the presumptive support amount was not based on evidence in the record. She also contends that the effect of offsetting the monthly support award causes her to pay for all of the transportation costs for the child to see father. Before a court may exercise its discretion to make a downward adjustment in the presumptive support amount, it must first find that the presumptive amount is unjust or inappropriate under the circumstances. ORS 25.280. OAR 137-50-330;[1] *Christopherson and Christopherson*, 112 Or App 166, 827 P2d 950 (1992). The trial

---

[1] OAR 137-50-330 provides, in relevant part:

"(2)(a) The amount of child support to be paid as determined in section (1) subsections (a) through (g) of this rule is presumed to be the correct amount. This presumption may be rebutted by a finding that the amount is unjust or inappropriate based upon the criteria set forth in paragraphs (A) through (J) of this subsection:

"(A) Evidence of the other available resources of the parent;

"(B) The reasonable necessities of the parent;

"(C) The net income of the parent remaining after withholdings required by law or as a condition of employment;

"(D) A parent's ability to borrow;

"(E) The number and needs of other dependents of a parent;

"(F) The special hardships of a parent;

court stated that it reduced the support amount because of the presumed costs of flying the child to Alaska. It estimated those costs at approximately $900 per year, based on father's testimony regarding airfare.

Father earns approximately $2,500 per month gross, compared to mother's gross income of $823 per month. The parties do not dispute that, based on those incomes, father's presumptive support amount is $301 per month. The trial court recognized that it would be difficult for mother to assume the financial responsibility for sending the child to Alaska. Nonetheless, it reduced father's obligation by $75 per month. Multiplying the $75 reduction in support by 12 months yields a total of $900, which is the same amount budgeted for airfare. This results in mother assuming most of the burden for the costs of child's travel.

We conclude that the presumptive amount of child support was neither unjust nor inappropriate and that the trial court erred in making a downward adjustment. OAR 137-50-330(2)(a). *See Cress and Cress*, 119 Or App 197, 201, 850 P2d 383 (1993). Father earns substantially more than mother and is in a far better position than she to absorb the costs of the child's travel. Accordingly, father's child support should be set at the presumptive amount of $301 per month, with no reduction for travel expenses.

■　　In her next assignment of error, mother contends that the trial court erred in awarding visitation to father for the majority of the child's vacation time. She asks that visitation be modified to alternate spring vacation and Christmas and 30 days each summer. The dispositive consideration in deciding visitation issues is the best interests of the child. ORS 107.105(1)(b) provides, in part:

"(G) The needs of the child;

"(H) The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(I) The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; the formula presumes the custodial parent will have the tax exemption allowed for the child or children;

"(J) The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."

"The court shall determine the issue of visitation in the best interest of the child, insuring the non-custodial parent sufficient access to the child to provide for quality parenting time. The court shall recognize the value of close contact with both parents and encourage, where practicable, joint responsibility for the welfare of such children * * *[.]" *Doty and Doty*, 101 Or App 320, 324, 790 P2d 1167 (1990).

Father has not had extensive contact with the child. She was three years old when mother and father graduated from high school together in 1985 and father moved to Alaska. Since that time, father has had only limited contact with her, and apparently she has been somewhat uncomfortable with him during those contacts. The child expressed hesitation in visiting him in Alaska both because she did not know him well and because she was afraid to fly. However, she agreed to visit him in Alaska, if someone went with her the first time.

We conclude that it would not be in the child's best interest to subject her to frequent short trips to Alaska, such as yearly trips for spring vacation. In our view, the child would benefit more from visits allowing more consecutive time with father, such as in the summer. *See Doty and Doty, supra*, 101 Or App at 325. That arrangement would allow mother to spend more vacation time with the child. Accordingly, we modify the visitation schedule to 35 days each summer and every even-year Christmas vacation, eliminating any visitation for spring vacation, unless the parties agree otherwise.

Mother also argues that the trial court's order requires that the child fly alone to Alaska to visit father and that the order be modified to require father to visit the child in Oregon until she is older. The child testified that she was afraid of flying and that she suffered from motion sickness when she rode in cars. However, she also said that she was willing to try traveling to Alaska to visit her father if someone would go with her the first time. The trial court indicated that it approved of that idea and found that there were a number of adult friends and relatives who would be appropriate for the task. However, it failed to include in the order the requirement that an adult accompany the child on the first trip. We agree with the trial court's intent on this question and

remand for modification of the order to reflect the court's view that someone should travel with the child on the first flight to visit father.

Remanded with instructions to modify the order to award child support of $301 per month and visitation for every even-year Christmas and 35 days each summer and to clarify the order to require that an adult accompany the child on her first trip to Alaska; otherwise affirmed. Costs to mother.