Argued and submitted May 6, reversed and remanded with instructions
September 7, 1994

# STATE OF OREGON,
## DEPARTMENT OF HUMAN RESOURCES,
*Appellant,*

*v.*

## Matthew LUCIA,
*Respondent,*

*and*

## Kimberly DAVIS,
*Obligee.*

## (C920266FI; CA A81255)

880 P2d 505

Jas. Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Gregory Soriano argued the cause for respondent. On the brief were William R. Valen and Soriano & Valent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

132

132 RIGGS, J.

The Department of Human Resources (DHR) appeals a child support order and money judgment. DHR argues that the trial court improperly deviated downward from the guideline amount and that the trial court improperly set the date on which father's state debt began. We reverse and remand for recalculation of child support and for entry of an amended judgment for support arrearages.

DHR brought this proceeding under ORS 416.430 to establish paternity and under ORS 109.155 to set child support. The child was born February 12, 1989, and mother was on public assistance from May, 1989, to the date of the hearing in May, 1993. The father admitted paternity and the only issues at the hearing were the amount of monthly child support and the amount of child support arrearage.

■ DHR, using income figures supplied by father, requested that child support be set at the presumptive guideline figure of $426 per month. Father requested a deviation from the presumptively correct amount to "a sum that is appropriate for a four year old child." The court set child support at $325 per month, finding that the guideline amount was rebutted because "the child is four years old."

DHR also requested that the state be reimbursed for the public assistance it provided to mother from May, 1989, to May, 1993 (the state debt). Father testified that mother had told him about the pregnancy before the child was born, but that he had never given any money to help support the child. Father also testified that he was sent a proposed child support settlement agreement requesting payment of the state debt commencing August, 1992. Father apparently rejected the proposed agreement, because it "was an awful lot of money." Nevertheless, the court ruled that the state debt started in August, 1992.

■ DHR first assigns error to the trial court's finding that the needs of the child justified decreasing the presumptively correct child support amount. We review *de novo*. ORS 19.125(3). Before a court may deviate from the presumptively correct guideline amount, it must make a finding that the presumptively correct amount is unjust or inappropriate

under the circumstances. *See* ORS 25.280. That determination must be based on evidence in the record. *Christopherson and Christopherson*, 112 Or App 166, 169, 827 P2d 950 (1992). Our review of the record reveals no evidence to support the trial court's finding that the guideline amount is unjust or inappropriate. The record contains no evidence about the needs of this particular child. The judge based his finding on his own belief that children under the age of six are "basically free" and that the guidelines do not reflect reality.[1] A child's age, standing alone, is not sufficient to qualify as "the needs of the child" sufficient to constitute a rebutting factor under ORS 25.280(7). There is no reason in this record to deviate from the presumptively correct guideline amount.

■ DHR next assigns error to the trial court's setting of the date when father's state debt began. We also review this assignment *de novo*. ORS 19.125(3). The court has authority under ORS 109.155(4) to "order either parent to pay such sum as it deems appropriate for the past and future support and maintenance of the child." The court apparently set August, 1992, as the date on which the state debt commenced based on a proposed support agreement that the state sent to father. However, father rejected that agreement entirely and, therefore, the agreement should not serve as the basis on which to set the state debt. The child was born February 26, 1989, and mother began receiving public assistance in May, 1989. Since that time, the state of Oregon has assumed the cost of supporting father's child. Father knew about the child before the child was born and he has not paid any money to support the child. Father's arguments to avoid paying the support arrearage are not persuasive. The judgment should be amended to set May, 1989, as the date on which father's state debt commenced.

Reversed and remanded for recalculation of child support and entry of amended judgment for support arrearages.

---

[1] The court commented:

"You know, with my five kids they were basically free after you got them out of the hospital, they were basically free because we kept passing things down from my brothers and sisters' kids, and then, when they get about six, they say, 'I'm not wearing somebody else's clothes and I'm going to call CSD if you make me,' so then you start buying them stuff, see. And then, by the time they get to their last two years in high school, they bankrupt you. And these [guidelines] don't take the reality of life into account."