Argued and submitted May 9, reversed in part on appeal and cross-appeal, otherwise affirmed November 23, 1988

In the Matter of the Marriage of

MYERS,
*Respondent - Cross-Appellant,*

*and*

MYERS,
*Appellant - Cross-Respondent.*

(D8303-62122; CA A45576)

764 P2d 590

Charles R. Mowry, Portland, argued the cause for appellant. With him on the brief was Dardano & Mowry, P.C., Portland.

Elizabeth Welch, Portland, argued the cause for respondent. With her on the brief were Robin E. Pope and Welch and Koch, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this proceeding, initiated by father to modify a dissolution judgment, both parties seek reversal of the trial court's order insofar as it modifies their child support obligations. We agree with both of them and reverse those portions of the order.

Father and mother were divorced in 1985. Mother was granted custody of their two children, and father was required to pay child support of $200 per child each month. In November, 1986, by agreement of both parents, one child went to live with father. Since that time, father has borne the entire cost of supporting that child. Father earns approximately $1500 net per month, and mother earns approximately $1000 net per month. Father has a domestic associate who pays part of their household living expenses; she earns approximately $1200 per month and was living with father at the time of the dissolution.

As part of the property division, mother was awarded the family home, subject to a lien in favor of father, which was to be satisfied on January 1, 1988. In order to satisfy that lien, mother has had to refinance the mortgage on the house, increasing her house payments from $205 to $445 per month.

Father seeks modification of the original judgment to change custody of the child now in his care and to require mother to contribute $100 per month to the support of that child. The trial court granted those modifications; it also increased his obligation to support the child in mother's custody to $300, even though mother had not sought a modification. Father appeals the increase in his child support obligation, and mother cross-appeals the award of child support to father.

A dissolution judgment may be modified only if there is a substantial change of circumstances of a nature and degree beyond that contemplated at the time of the judgment. ORS 107.135(2)(a); *Garrison and Garrison,* 28 Or App 297, 559 P2d 513 (1977). The only change of circumstances here is the change in custody of one of the children from mother to father. That change justified the elimination of father's obligation to pay mother for that child's support and, at least

theoretically, the obligation of mother to pay father child support for the child now in his custody. There is, however, no change justifying an increase in father's support obligation. The incomes of both parents were approximately the same at the time of the divorce as they are now. Father's domestic associate lived with him at that time as well. The only change that might relate to the support of the child in the mother's custody is that mother's mortgage payments on the house have increased as a result of the refinancing that was necessary to satisfy father's lien. That circumstance was contemplated at the time of the judgment and is not of the type that justifies modification of father's child support obligation to mother.

■    Mother contends in her cross-appeal that, even though custody of one child has been changed to give father custody, she should not be obligated to pay father the support that he requests for that child, because she is not able to pay it. The record supports her. Although we have generally required a non-custodial parent to make at least some token payment when he or she can reasonably afford to do so,[1] we will not impose that burden on a parent who is supporting one of the children of the marriage and cannot afford to contribute to the support of the other. The judgment should not have been modified in that respect.

Father contends that the trial court erred in awarding attorney fees to mother. We find no abuse of discretion.

On appeal, order increasing father's child support obligation reversed; on cross-appeal, order requiring mother to pay child support reversed; affirmed in all other respects. No costs to either party.

---

[1] *Sellers and Sellers,* 39 Or App 647, 653, 593 P2d 1191 (1979); *Westby and Westby,* 30 Or App 431, 433, 567 P2d 145 (1977).