Argued and submitted February 10, reversed and remanded for reconsideration
April 26, 1995

In the Matter of the Marriage of

Laurie H. SCRIVEN,
*Respondent,*
*and*

David B. SCRIVEN,
*Appellant.*

(8909-66875; CA A85072)

894 P2d 1172

Andrew J. Ragland argued the cause and filed the brief for appellant.

Charles D. Gazzola argued the cause for respondent. With him on the brief was Stahancyk, Gazzola, Gearing, Rackner & Hull, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Husband appeals from a judgment that denied his motion to modify spousal support and child support. We review *de novo*, ORS 19.125(3), and conclude that there has been a substantial change of circumstances. ORS 107.135-(2)(a). We remand for reconsideration of husband's support obligations.

The parties ended their 17-year marriage in 1991. Wife has custody of their five minor children. The dissolution judgment ordered husband to pay $1,000 monthly spousal support for five years and $978 per month child support. Husband works as a salesman. At the time of the dissolution, his monthly gross income, including commissions, was $4,432 per month. In 1993, the company for which he worked reorganized its sales department. It added more sales personnel and substantially reduced the sales area served by husband. During the reorganization, the company "guaranteed" husband's commission income and paid him the same commission that he had made in previous years, regardless of whether he had sold enough goods to earn that commission. At the end of 1993, the guarantee ended, and husband's income was involuntarily reduced to about $3,000 per month.

In the meantime, husband began working a second, part-time job as a real estate sales associate. At the time of the hearing, husband had not yet received any income from that job, but he did have one sale pending. Husband's broker, Caplan, testified that an average, full-time sales associate could earn between $16,000 and $22,000 in his or her first year. From that evidence, the trial court concluded that husband would average $750 per month as a part-time real estate sales associate. It then determined that his combined monthly gross income was $3,813, or 86 percent of the income husband earned at the time of the dissolution judgment. The court then concluded that there was no substantial change in husband's economic circumstances and entered a judgment denying husband's motion to modify.

Husband assigns error to the denial of his motion, arguing that the court erred in finding that his part-time income was $750 per month and in failing to find that his

economic circumstances had changed. Wife argues that evidence in the record supports the trial court's decision. We agree with husband.

■■ In seeking to modify his child support obligation, husband had the burden of proving a substantial change in circumstances. *Gay and Gay*, 108 Or App 121, 814 P2d 543 (1991). Similarly, spousal support is subject to modification on a showing of a substantial change in the obligor's ability to pay. *Abraham v. Abraham*, 248 Or 163, 432 P2d 797 (1967); *Osterholme v. Osterholme*, 13 Or App 73, 508 P2d 824 (1973). It is uncontradicted that husband's income from his primary job was substantially and involuntarily reduced. Therefore, whether husband had a substantial change in his economic circumstances depends on what the evidence shows about the earnings from his part-time job.

■ Caplan testified that husband began working as a real estate sales associate in March 1994. He made his first sale at the end of May 1994. Husband expected to receive about $1,000 within 45 to 60 days from the date of that sale. Therefore, husband would receive income from his part-time job only after having worked for between four and five months. At the time of the hearing, husband had no listings of his own. Further, he is restricted to working evenings and weekends at his part-time job. Finally, there is *no* evidence in the record about what a part-time sales associate would earn on average. Under those circumstances, a determination that husband would average $750 per month in income from his part-time job is speculative.

Husband's income from his primary job was involuntarily reduced by about $1,400 per month. There is evidence that he will make some money from his part-time job. Based on *that* evidence, the most that may be forecast is that husband can earn $1,000 every four or five months. Using that estimate, husband's income from both of his jobs is at least $1,150 per month less than he was earning at the time of the dissolution.

We conclude that husband has proven that he has suffered a substantial change in his economic circumstances. We remand for the trial court to make the appropriate modifications in spousal and child support.

Reversed and remanded for reconsideration of child support and spousal support. No costs to either party.