Argued and submitted March 15, reversed and remanded with instructions
November 13, 1996

## In the Matter of the Marriage of

## Rocky Lee CHIRRICK,
*Respondent,*

*and*

## Janet Marie CHIRRICK,
*Appellant.*

(92-0567; CA A89423)

927 P2d 135

Kathryn Anne Benfield argued the cause and filed the brief for appellant.

Frederick L. Bennett, Jr., argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Mother appeals from a judgment modifying child support. On *de novo* review, we reverse and remand.

The parties' marriage was dissolved on April 15, 1993. Mother was awarded custody of their child and father was ordered to pay child support. The judgment provides that the presumptive amount of child support is $566.16 per month, but that, in accordance with a stipulated agreement of the parties, that amount would be reduced to $350 per month for 24 months, beginning January 1, 1993. The judgment also includes a finding by the trial court that "based upon the stipulation of the parties, that [father] has a substantial unpaid IRS obligation and that until that obligation is satisfied [father] shall pay the reduced sum of $350.00 per month."[1]

In January 1995, father petitioned the court for a modification of child support based on a "substantial change of circumstances[s.]" The reasons advanced by father, at trial, in support of the modification were that he had a "continued liability for Federal Income Tax arreargs [*sic*]"; a "continued unresolved liability for debts related to [the] marriage" and an "anticipated loss of income due to 1995 Alaska Fishing restrictions."

The trial court, in its oral comments, concluded that there had been no change of circumstances. However, it allowed a modification of child support effective July 1, 1995, reducing father's child support obligation to $350 per month until January 1998, at which time support would be increased to $566.16 per month until such time as the child reaches age 18, or is no longer a "child attending school" under ORS 107.108(4). At trial, the court explained the rationale for its decision to modify support:

---

[1] Father raises, for the first time on appeal, an argument that, under this provision of the judgment, he is only required to resume paying the presumptive amount of child support when he satisfies his debt to the IRS. It is difficult to understand why father sought a modification of the provisions of the judgment regarding child support if this was his understanding of the judgment. Nonetheless, we do not address that argument because it was not preserved. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

"[COUNSEL]: Just to clarify, Your Honor. You've made a finding that there has been no showing of change of circumstance; is that correct?"

"THE COURT: No showing of a substantial change in circumstances. There has been some changes involving the way the IRS is garnishing him, and the fact that there has been some extra garnishments from old marital debts.

"My further finding is that the marital debt was not clearly set forth, except for the IRS one, which I specifically noted in the decree. But that was not contemplated or set forth. And, therefore, I'm allowing him a two-year adjustment or year and a half adjustment."

The order of modification includes the following findings:

"1. The original Decree of Dissolution was silent on the parties' obligations to pay non-governmental marital debts.

"2. The [father's] wages are subject to garnishment by the State of Oregon and the United States.

"3. The level of garnishment, in conjunction with [father's] potential liability for debts not specifically allocated in the Decree, creates a change of circumstance."

■■ ORS 107.135(2)(a) provides that a prerequisite to modifying a child support obligation is a substantial change of economic circumstances of a nature and degree beyond that contemplated at the time of the judgment. *Richmond and Richmond,* 103 Or App 55, 58, 795 P2d 1104 (1990); *Myers and Myers,* 94 Or App 63, 65, 764 P2d 590 (1988). The burden of proof is on the party seeking the change. *Scriven and Scriven,* 134 Or App 4, 7, 894 P2d 1172 (1995). Where the circumstances advanced to support a substantial change in circumstances "existed or could have been anticipated before entry of the original judgment[,]" those circumstances will not support modification. *Gilmore and Gilmore,* 94 Or App 183, 184, 764 P2d 622 (1988).

■ The first changed "circumstance" that father relies on to meet his burden of proof is his continued liability for back taxes. However, as father acknowledges, these unpaid taxes were all incurred before the dissolution. Further, the evidence shows that the parties were aware of and discussed those taxes at the time of the original judgment. The only

change is that, apparently due to father's failure to reduce these obligations sufficiently, the level of garnishment of his income has increased. These are not circumstances that were not contemplated or could not have been anticipated at the time of the dissolution. Basically, father is in the same predicament that he was in when the judgment was entered. Father has not demonstrated any change in circumstances, much less a "substantial" change in circumstances based on his overdue taxes.

■      Father's second asserted basis for modification, his continued liability for marital debts, also does not establish a substantial change in circumstances. Father asserts that there is about $23,000 in marital debt for which he may be held responsible. Apparently, he was served with a motion for examination of judgment debtor on some of these debts after the judgment.[2] Father contends that these debts were not provided for in the original judgment and, therefore, that his responsibility for these debts constitutes a substantial change in circumstances. We disagree. According to mother's testimony, father agreed to assume this debt in exchange for her partial forbearance on his child support obligation. Father disputes that this was the parties' agreement. Nonetheless, he does acknowledge that he was aware of at least some of these marital debts before the dissolution. A major portion of the debt, $19,000, is for a vehicle purchased in both parties' names while the parties were married that has since been repossessed.[3] Father certainly would have been aware of this portion of the debt. The obligation to pay these marital debts is not a circumstance that could not have been anticipated at the time of the dissolution judgment. If father believed that these debts would interfere with his ability to

[2] It is not entirely clear from the record how much of the debt that father identifies was, in fact, incurred during the parties' marriage. Father claims in his affidavit to support his motion to modify his child support obligation that the unpaid debts accrued during his marriage to mother total about $23,000. Father's account of his current consumer and medical debt totals about $33,300. It appears from his testimony that some portion of those amounts is for debts incurred by father and his new wife. He also lists about $5,500 in debt that has been referred to a collection agency, which includes about $1,100 in debt he attributes to a business that mother operated during the marriage.

[3] The outstanding debt on the vehicle is $19,000. The parties disagree about who had possession of the vehicle when it was repossessed.

meet the presumptive child support obligation established in the original judgment, he could have asserted that at the time of the dissolution.

■ Father also did not prove his third "circumstance," an anticipated decline in his income due to commercial fishing restrictions. There is no evidence that father's income has actually decreased. Indeed, his income appears to be on course with or higher than past years. In 1993, father earned about $43,000. In 1994, he earned about $51,000. His income for the first half of 1995 was about $38,000. On the other hand, during 1994, mother earned $8,400, or about $700 per month. She received $350 per month in child support from father. Father indicated that his 1994 income was about $4,383 per month and that $1,612.50 was garnished each month to pay tax liens. Subtracting $350 child support payments, father was left with $2,420.50 to live on each month, substantially more than mother and the child had to live on, even with child support. According to the testimony, mother's income has remained about the same and father's income has been increasing. If, as father asserts, fishing restrictions do, in fact, result in a substantial reduction in his income in the future, father may petition the court at that time to modify the support order. We conclude that father has not satisfied his burden of demonstrating an unanticipated substantial change of circumstances and, therefore, the trial court erred in modifying the child support provisions of the dissolution judgment.

Mother also assigns as error the admission of seven documents. In view of our disposition, it is unnecessary to address this question.

Reversed and remanded with instructions to reinstate child support award of $566.16 per month. Costs to mother.