Argued and submitted July 13, 1999, remanded with directions August 9, 2000

In the Matter of the Marriage of

## Charles Michael LABUWI,
*Respondent,*
*and*

## Diane Kay LABUWI,
*Appellant.*

(9403345CV; CA A103074)

9 P3d 727

Rebecca Whitney-Smith argued the cause for appellant. With her on the brief was Ratliff & Whitney-Smith.

Robert S. Hamilton argued the cause for respondent. With him on the brief was deSchweinitz & Hamilton.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Wife appeals the trial court's post-judgment order that reduced both husband's spousal support obligation to wife and wife's child support obligation to husband. She argues that husband did not show an unanticipated substantial change of circumstances that would give the trial court the authority to make those modifications. We agree and reverse.

The parties' marriage was dissolved in September 1995. The trial court incorporated into the dissolution judgment an extensive Marital Settlement Agreement that the parties had negotiated with the assistance of an independent mediator. In accordance with the agreement, the court ordered husband to pay wife spousal support of $3,750 per month for the first 72 months after the dissolution, $2,500 per month for the next 24 months, and $1,000 per month thereafter until wife reaches the age of 59 and one half. It also ordered wife to pay husband child support of $450 per month until each of their children is 18 years old, continuing thereafter so long as the child is attending school.

During the negotiations in mid-1995 that led to the agreement, the parties disagreed about husband's future income. Husband's income from all sources in 1994 was over $20,000 per month, but he insisted that that amount was the result of special circumstances and that his 1995 income would be significantly lower. Wife distrusted husband and apparently believed that his permanent income would remain close to the 1994 level. They eventually agreed to resolve that dispute by including, as a negotiated provision of the agreement, a statement that husband had a "total gross income of approximately $15,000 per month."

In the following years husband's income from his pediatric practice declined from its 1994 level. In 1996, his earnings from the practice were a little over $10,000 per month. However, because of other income that he received during those years, husband's gross income from all sources combined remained in the range that the agreement described. His taxable income in 1995 was $15,362.33 per

month; for 1996 it was $14,532.67. At the hearing in December 1997, husband's accountant testified that he expected husband's income for that year to continue at the same level. Based on that evidence, the trial court concluded that there had been a change of circumstances in that husband's professional income had declined by one-third. It therefore ordered a one-third reduction in his spousal support obligations,[1] with a corresponding recomputation of wife's child support obligation.

 The threshold requirement for modifying an award of either spousal or child support is proof of a "substantial change in the economic circumstances of a party[.]" ORS 107.135(2)(a). The moving party has the burden of proving the substantial change of circumstances. *Scriven and Scriven*, 134 Or App 4, 7, 894 P2d 1172 (1995). In this case, husband's total income appears to have remained the same as the amount on which the parties agreed before the dissolution. Husband argues, however, that the focus of the agreement was on his earnings from his medical practice and that that amount is now only two-thirds of the $15,000 per month that the agreement provided. That argument appears to have been the basis for the trial court's conclusion that husband's income had decreased by one third.

The problem with husband's argument is that it is inconsistent with both the agreement and the relevant law. The stipulation concerning husband's income is part of the paragraph that explains the amount of child support that wife is to pay. That paragraph states:

> "The just and appropriate amount of child support is based on the parties' income, and other relevant factors as more fully set forth in the relevant provisions of the Uniform Child Support Guidelines. The parties at this time have a combined income of over $10,000 per month. Husband is a physician with a *total* gross income of approximately $15,000 per month. Wife is currently unemployed. The parties acknowledge [that] the Court retains jurisdiction to raise or lower child support."

---

[1] Because we conclude that there was no change of circumstances, we do not need to decide whether the trial court was correct in reducing spousal support in direct proportion to the alleged decline in husband's income.

(Emphasis added.) Because the stipulation came in the context of agreeing on the amount of child support, it presumably reflects the statutory standards for that support. Those standards require consideration of "[a]ll earnings, income and resources of each parent, including real and personal property[.]" ORS 25.275(1)(a) (emphasis added). For that reason, the stipulation about husband's gross income means all of his income, not simply his earnings from his medical practice. Even if it were otherwise possible to read the reference in the paragraph to husband's profession as limiting the statement of his income to his earnings from that profession, the paragraph as a whole defeats such a reading. If husband's income refers to something other than all of his income, the amount of child support would not be based on all of the considerations that the statute requires.

The parties agreed that husband's gross income at the time of the dissolution was $15,000 per month. In the following years his gross income from all sources has remained generally the same. There has not been an unanticipated substantial change in his economic circumstances, and the trial court was without authority to modify the award of spousal support. As wife recognizes, because the reduction in her child support obligation was simply a consequence of the reduction in husband's spousal support obligation, both modifications must fall together. As a result, the original judgment remains effective as to those obligations as if the order of modification had never been entered.

Remanded with instructions to vacate order modifying spousal and child support.