## MARC NELSON OIL PRODUCTS, INC.,
an Oregon corporation,
*Respondent,*

*v.*

## GRIM LOGGING COMPANY, INC.,
an Oregon corporation,
*Defendant,*

*and*

Robert GRIM,
*Appellant.*

02C12988; A123447

115 P3d 935

Gina Anne Johnnie and Sherman, Sherman, Johnnie & Hoyt, LLP for petition and reply.

Thomas C. Tankersley and Drabkin & Tankersley, LLC for response.

Before Linder, Presiding Judge, and Haselton* and Ortega, Judges.

LINDER, P. J.

---

* Haselton, J., *vice* Ceniceros, S. J.

**LINDER, P. J.**

Plaintiff petitions for reconsideration of our decision in *Marc Nelson Oil Products, Inc. v. Grim Logging Co.*, 199 Or App 73, 110 P3d 120 (2005). For the reasons we identify below, we grant reconsideration and modify our prior decision and disposition.

At trial, both parties moved for summary judgment. The trial court granted plaintiff's motion and denied defendant's. The trial court did so by way of an ORCP 67 B judgment that, in addition to granting summary judgment in favor of plaintiff, declared that plaintiff was entitled to "its reasonable attorney fees, costs and disbursements." Defendant appealed that judgment, challenging the rulings on the cross-motions for summary judgment. As a corollary, defendant also urged that, because summary judgment should be granted for defendant rather than for plaintiff, defendant was entitled to attorney fees. Plaintiff's argument in response to the attorney fees issue was short and undeveloped, but we understood it to be to an argument that defendant had failed properly to plead an entitlement to attorney fees. *Id.* at 85.

In our opinion, we concluded that summary judgment should have been granted in favor of defendant, not plaintiff. *Id.* at 84. We further concluded that, "[b]ecause plaintiff was not entitled to summary judgment, the award of attorney fees and costs to plaintiff necessarily must be reversed as well." *Id.* (citations omitted). Finally, we rejected plaintiff's argument that defendant had not properly pleaded any basis for an entitlement to attorney fees. *Id.* at 85. We therefore remanded the case with instructions to enter judgment, including an award of attorney fees, for defendant. *Id.*

In its petition for reconsideration, plaintiff points out that we were incorrect in concluding from the ORCP 67 B judgment that the trial court had awarded attorney fees to plaintiff. Rather, after the trial court entered the ORCP 67 B judgment, plaintiff filed an attorney fee statement, which defendant opposed. The trial court entered a supplemental judgment denying attorney fees. Neither party explored

those later events in their arguments pertaining to the attorney fee issue, and we failed to examine the trial court file for procedural entries subsequent to the ORCP 67 B judgment that might bear on the award of attorney fees. Regardless of the source of the misunderstanding, we were wrong in stating that the trial court granted attorney fees to plaintiff, and we correct our prior decision accordingly.

That is not plaintiff's only point in petitioning for reconsideration. Plaintiff further contends that defendant is not entitled to an attorney fee award. In support of that contention, plaintiff points to the argument that defendant made to the trial court in opposing plaintiff's attorney fee request. In particular, defendant argued that the guaranty clause of the contract, which plaintiff had brought this action to enforce, did not include an attorney fee provision. Defendant further argued that the attorney fee provision in the contract between the principals was not otherwise incorporated into the guaranty clause to which defendant was a party. The trial court agreed and denied plaintiff's attorney fee request on that ground. Plaintiff now endorses that reasoning, arguing that "there is no basis for [defendant] to recover any attorney fees" under the contract, and urges us to modify our prior opinion accordingly. In response, defendant argues the converse, asserting that the guaranty clause should be interpreted in the context of the contract as a whole to provide for an award of attorney fees. In effect, in their arguments to us on reconsideration, the parties reverse their stances and take positions opposite of those they took before the trial court.

■        Whatever other concerns their shifting positions may pose, the short answer to the dispute over the import of the contractual terms is that it is not properly before us. The parties are attempting to inject an issue—*i.e.*, legal entitlement to attorney fees under the specific terms of this particular contract—that was not presented in the briefs. Neither party made those arguments or developed them adequately in their briefs; we will not consider them for the first time on a petition for reconsideration.[1]

---

[1] Nor do we consider any potential entitlement to attorney fees under ORS 36.425(5)(b), which the parties allude to in their submissions on reconsideration. Defendant's reliance, if any, on that statute as authorizing an award of attorney fees should be raised in the first instance with the trial court on remand.

■ Even so, the clarified procedural posture of the issue reveals a more fundamental problem in our resolution of the attorney fee issue. We now conclude that defendant's claim of error regarding attorney fees is unpreserved. To be sure, as stated in the "Preservation of Error" section of defendant's brief, defendant asserted in one of his summary judgment submissions that he should be awarded attorney fees if he prevailed on his motion. But as the later procedural events reveal, defendant abandoned that position after plaintiff prevailed on summary judgment and sought attorney fees. At that point, defendant advanced a developed legal argument that the guaranty clause of the contract did not incorporate the attorney fee provision that applied to the contract between the principals. The trial court agreed and entered a supplemental judgment accordingly. Having taken that position, and having prevailed on it, defendant failed to preserve any argument that, in this action to enforce the guaranty clause, the contract entitles him to an award of attorney fees for prevailing on summary judgment.[2] For that reason, defendant was not entitled to advance that argument on appeal.

Reconsideration allowed; former opinion modified and adhered to as modified; reversed and remanded with instructions to enter summary judgment for defendant Robert Grim.

---

[2] Plaintiff, in response to defendant's assignment of error pertaining to the award of attorney fees, did not dispute defendant's representation that the issue was preserved. Nor does plaintiff make that argument in the petition for reconsideration. We have an obligation to consider preservation *sua sponte*, however. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000) (appellate court has an independent obligation to determine if an issue is preserved).