Argued and submitted May 18, 2021, affirmed April 20, 2022

In the Matter of the Marriage of

Cheryl Elaine WIRTH,
*Petitioner-Appellant,*
*and*

Carl John WIRTH,
*Respondent-Respondent.*

Linn County Circuit Court
18DR16064; A172064

509 P3d 685

In this marriage dissolution case, wife appeals a general judgment of dissolution, specifically challenging the spousal support award. She contends that the trial court erred in (1) calculating husband's income, (2) calculating wife's income, (3) denying wife's request for transitional spousal support, and (4) limiting the spousal support award to 10 years. In support of her first assignment of error, wife contends that the trial court failed to consider husband's voluntary overtime in calculating his income. As to her second and third assignments of error, wife contends that there was no evidence that she could return to work in her previous field of employment. She also contends that the trial court erred in forecasting her salary based on how much she earned during her employment from 10 years before. Finally, in her fourth assignment, wife contends that there was no evidence to support the trial court's finding that husband's job was physically demanding and that, therefore, the court abused its discretion in limiting support to 10 years due to the demanding nature of that work. *Held*: The Court of Appeals concluded that the trial court did not err in excluding voluntary overtime wages from its spousal support calculation given evidence that the availability of overtime was changing, and that husband would not continue to work overtime on a regular basis. The Court of Appeals also concluded that the trial court did not err in calculating wife's income, which it used in its calculation of the amount and duration of spousal support. There was evidence that (1) wife could return to work in her previous field of employment; and that (2) she could earn at least as much as she had earned in that field 10 years before. Lastly, there was sufficient evidence to support the trial court's finding that husband's job was physically demanding.

Affirmed.

Michael B. Wynhausen, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Stephanie F. Wilson argued the cause for respondent. Also on the brief was Feibleman & Case, P.C.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.*

MOONEY, P. J.

Affirmed.

_____

* Pagán, J., *vice* DeHoog, J. pro tempore.

## MOONEY, P. J.

Wife appeals a general judgment of dissolution, specifically challenging the spousal support award. She contends that the trial court erred in (1) calculating husband's income, (2) calculating wife's income, (3) denying wife's request for transitional spousal support, and (4) limiting the spousal support award to ten years. For the reasons explained below, we reject wife's arguments, and we affirm.

Wife's opening brief is divided into four sections, each addressing an "assignment of error."[1] In the concluding paragraph of each section, wife "asks that this court reverse and, on *de novo* review," set spousal support, award transitional support, and so forth according to the content of each section. She asks that the case be remanded if we "choose[] not to review *de novo*." Although wife states that the standard of review is for legal error, we nevertheless understand that she is requesting that we exercise our discretion under ORS 19.415(3)(b) to review this matter *de novo*. Wife does not, however, "concisely state the reasons why the court should do so," as required by ORAP 5.40(8)(a). In fact, she does not state any reasons at all. Because wife has not provided us with any reason to except this case from the presumption against the exercise of discretion to review *de novo*, ORAP 5.40(8)(c), we decline to do so. We review for legal error and are, therefore, "bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Colton and Colton*, 297 Or App 532, 534, 443 P3d 1160 (2019). We state the relevant facts—which are largely undisputed—in accordance with that standard.

The parties were married for 31 years. In 2018, wife filed a petition for dissolution. At the time of trial in 2019,

---

[1] Wife's purported assignments of error challenge various components of the trial court's reasoning that led up to its ruling on spousal support. Thus, they are more properly understood as separate arguments in support of a single assignment of error—that is, four different reasons that the trial court erred in its spousal support award. *See, e.g.*, *Marc Nelson Oil Products, Inc. v. Grim Logging Co.*, 199 Or App 73, 75 n 1, 110 P3d 120, *adh'd to as modified on recons*, 200 Or App 239, 115 P3d 935 (2005) ("Assignments of error *** are to be directed against rulings by the trial court, not against components of the trial court's reasoning or analysis that underlie that ruling."). That has not impeded our review of the pertinent ruling in this case.

wife was 50 years old and husband was 52. They have two adult children.

Wife was employed outside the home during much of the marriage. She completed a 12-month dental assistant program in 1995 and, after that, worked as a dental assistant until 2013. Wife injured her back in one or more motor vehicle accidents and was not again employed until 2015 when she worked part-time as a cashier and then as a receptionist. She has not worked outside the home since December of 2015.

In 2018, wife enrolled in cosmetology school. At the time of trial, she anticipated that she would graduate in February 2020. Wife testified that, once she graduated, she would be required to pay off her student loan debt to be eligible to take the licensing exam. She also estimated that, once licensed, it would take "a couple months" to find employment.

Husband works for Georgia Pacific as a material handler. In the two years before trial, he was filling in as a finished product handler for another employee who had been on extended medical leave. As a finished product handler, husband earned a higher hourly wage than he did as a material handler. In each of those positions, husband was required to work 12-hour shifts, with four hours of each shift counting as overtime. Georgia Pacific used a partner system where, when one employee went on vacation, the employee's partner would cover the vacationing employee's shifts and receive overtime. Employees were allowed to forgo those overtime hours if another employee volunteered to take them.

Husband worked a substantial amount of overtime, both mandatory and voluntary, in the three years before trial. He testified that, during that period, many employees were "willing to give away" their overtime, so he was able to "swap around [shifts] until I had all I could get." In those three years, he worked at least five 12-hour shifts a week. His annual income in 2018 was $106,046.

At trial, husband presented evidence that his annual earnings would decrease. Husband's supervisor, Hathaway, testified that he anticipated that the person for

whom husband had been filling in would soon return to work because he had been "released to come back to work" and that, at that point, husband would return to his original position as a material handler. Hathaway also testified that the company was hiring new material handlers to "fill[ ] in the holes," and that, because those employees would start with only one week of vacation, husband would have less opportunities to work voluntary overtime shifts.

Wife sought $2,500 per month in spousal mainte- nance support for an indefinite period and $1,000 per month in transitional support for a period of 24 months. Husband proposed $1,500 per month in maintenance support for a period of 15 years. He asked the trial court not to award transitional support at all.

The trial court ultimately awarded wife $2,000 per month in maintenance support for a period of 10 years and denied her request for transitional support. In support of its determination that transitional support was not appropri- ate, the court made the following findings, as reflected in the judgment of dissolution:

"13.1   Wife was enrolled in Cosmetology school at the time of the trial; however, the Court found Wife was able to work as a dental assistant;

"13.2   Wife has training as a dental assistant;

"13 .3   There was no medical substantiation that Wife was unable to work as a dental assistant;

"13.4   The Court found that Wife could return to work as a dental assistant making approximately $35,000 per year."

The court incorporated those findings regarding wife's income and made additional findings in support of its award of maintenance support:

"The Court found that Wife is capable of earning $35,000 per year for the reasons listed above. Husband is employed with Georgia Pacific as a forklift operator and earned $106,046 in 2018 from that employment[.] However, based on the testimony of Mr. Hathaway and evidence received[,] the Court found that Husband's income for determining

spousal support should be based on $85,000 per year for the following reasons:

"14.5.1    Husband's income will decrease through no fault of his own when he returns to be a Material Handler rather than the Finished Product Handler that he was filling in for;

"14.5.2    Not all of the overtime is mandatory, and the Court will not force Husband to work non-obligatory overtime;

"14.5.3    Husband's company has been in the process of hiring additional employees for over a year causing a decrease in available overtime;

"14.6    Wife attended schooling to work as a dental assistant during the marriage;

"14.7    The Court found that 10 years of support was an appropriate duration given the physically demanding nature of Husband's work as a forklift driver and his age."

On appeal, wife first contends that "the [trial] court erred in its ruling regarding husband's income" and, as a result, set her spousal support award "too low." She argues that the trial court erred when, in determining the amount of maintenance spousal support, it calculated husband's income without including wages for his voluntary overtime. Husband responds that the court did not err, because the evidence established that there were "changes already occurring" at his workplace that reduced the amount of voluntary overtime available to him.

ORS 107.105(1)(d)(C) sets forth a nonexclusive list of factors that the court is to consider in awarding spousal maintenance support. Earning capacity is among those listed factors. And as we have said, in "assessing earning capacity, the court considers a range of considerations other than actual current income." *Crump and Crump*, 138 Or App 362, 366, 908 P2d 839 (1995). In *Sigler and Sigler*, 133 Or App 68, 71-72, 889 P2d 1323 (1995), we held that the trial court erred in excluding regularly earned overtime wages from husband's income when calculating spousal support. We explained that "[o]vertime is appropriately considered" in calculating support "when it is earned on a regular basis." *Id*. at 71. But *Sigler* and *Crump* were both cases that we

reviewed *de novo*. We are not reviewing this case *de novo*. Our review is much more limited, deciding only if evidence in the record supports the trial court's findings and reviewing its legal conclusions for errors of law. *Hall and Buth-Hall*, 263 Or App 429, 430, 328 P3d 808, *rev den*, 356 Or 397 (2014).

We conclude that the trial court's finding regarding husband's income is supported by evidence in the record. As noted, husband presented evidence, through his supervisor, that his income would decrease due to changes at work over which husband had no control and that would negatively impact his voluntary overtime hours. The trial court credited that testimonial evidence and was able to reasonably infer that husband would be working substantially fewer voluntary overtime hours. *See Hutchinson and Hutchinson*, 187 Or App 733, 740-41, 69 P3d 815 (2003) (in determining an appropriate spousal support award, a trial court may forecast a party's future earnings based on facts in existence at the time of trial). Because there was some evidence that the availability of overtime was changing and that husband would not continue to work voluntary overtime on a regular basis, the trial court did not err in excluding that source of income from its spousal support calculation.

We next consider wife's contention that "the [trial] court erred in its ruling regarding wife's income." In support of that argument, wife argues that the evidence was insufficient to support the court's finding that she could work as a dental assistant again. Wife points to her testimony that (1) her back problems prevented her from bending over a dentist's chair, and (2) no one was willing to hire her in 2013 when she was looking for a dental assistant job because she had been fired from two such jobs before. Husband responds that the evidence was sufficient to support the trial court's findings.

The trial court's finding was supported by evidence in the record. Further, the trial court was not required to credit wife's testimony regarding the reasons for why she was unable to work again as a dental assistant. *See Cirina and Cirina*, 271 Or App 161, 166, 350 P3d 504 (2015) (the trial court was not required to credit the husband's "self-serving

testimony"). Absent any evidence that the court found reliable that wife could not return to work as a dental assistant, including the absence of evidence substantiating any injuries that might impact her ability to work as a dental assistant, the trial court permissibly found that wife had the capacity to do that work. Wife had formal training and 18 years of experience working as a dental assistant, and she had worked as a dental assistant up until approximately five years before the time of the trial. Therefore, we cannot say that there was no evidence to support the trial court's findings as to wife's ability to return to work as a dental assistant.

We turn to wife's third argument, in which she contends that the trial court erred in denying her request for transitional support. Wife repeats her argument that there was no evidence to support the trial court's finding that she could return to work as a dental assistant. Wife further argues that there was no evidence to support the court's determination that she could earn $35,000 per year in such a position because the court's finding was based on how much she had earned when she worked as a dental assistant "ten years ago."

For the reasons explained above, we reject wife's argument that there was no evidence that she could return to work as a dental assistant. We also conclude that there was evidence to support the trial court's finding that her income would be $35,000 per year. Absent any evidence that salaries in the dental industry, or for dental assistants in particular, had significantly decreased since wife was last employed in that field, the trial court could reasonably infer that wife could earn the same general amount as she had before. Wife further contends that the court erred by not explaining its finding that her plan to work as a cosmetologist was "impractical" or "unreasonable"; however, the court was not obligated to provide such explanation. We reject wife's third assignment of error.

Lastly, we consider wife's argument concerning the duration of the maintenance support award. Wife focuses on the language in the dissolution judgment that states, "10 years of support was an appropriate duration given the

physically demanding nature of Husband's work as a forklift driver." She argues that there was no evidence in the record to support the trial court's finding that husband's work as a forklift driver was physically demanding. Wife argues that the court therefore "abused its discretion in basing its decision on facts not in evidence." But there was evidence from which the trial court could find that husband's job was physically demanding, and we reject that argument without further discussion.

Affirmed.